ST. PAUL, J.
 

 The only question involved in this appeal is whether the plaintiff has
 
 abandoned
 
 this suit within the meaning of Act No. 107 of 1898 (Amending R. O. C. art. 3519), which declares that, whenever a plaintiff “shall at any time before obtaining final judgment allow five years to elapse without having taken any steps
 
 in the prosecution thereof,
 
 he shall be considered as having abandoned the same.”
 

 I.
 

 The suit was filed October 10,1910, and the only
 
 active
 
 step which plaintiff has ever taken in the prosecution thereof has been to file a supplemental petition amending the original petition and substituting the Merchants’ & Planters’ Bank as plaintiff in its stead, to wit on June 1,1917; being about six years before defendant moved
 
 for the fourth time
 
 to dismiss the suit as having been abandoned.
 

 The only other evidence which plaintiff has given of its interest in the suit has been purely
 
 passive;
 
 i. e., in resisting defendants’ efforts to have the suit dismissed, to wit, three former motions by defendant to dismiss the suit as abandoned and one motion to strike out the supplemental petition as tending to change the issues.
 

 II.
 

 We think that a step in the prosecution of a suit means something more than a mere passive effort to keep the suit on the docket of the court; it' means some active measure taken by plaintiff, intended and calculated to hasten the suit to judgment. Otherwise we would have this absurd result, that every effort of a defendant to dismiss the suit would result merely in. prolonging the delay within which tbe plaintiff must proceed with the prosecution thereof.
 

 And such was not the legislators’ intent; for it is well known that the very purpose of the act was to put an end to the then prevailing practice of filing suit to interrupt prescription, and then letting the suit hang perpetually over the head of the defendant unless he himself should force the issue; in other words, of putting on the defendant the burden of showing that plaintiff’s claim was unfounded.
 

 III.
 

 Howcott v. Petit, 130 La. 791, 58 So. 574, was correctly decided, because it clearly appears that plaintiff had actively taken several steps in the prosecution of his claim within the five years. But the declaration therein, that the filing of an exception by the defendant was a step taken by plaintiff in the prosecution of the suit, is both obiter dictum and unsound. Otherwise the decision in Lockhart v. Lockhart, 113 La. 872, 37 So. 860, would be erroneous, for in that case it appears that the defendant had made a premature motion to dismiss the case within two years before renewing the motion which the court allowed. And no one questions the correctness of this last case.
 

 Decree.
 

 The judgment appealed from is therefore affirmed.