ST. PAUL, J.
 

 This is an appeal from an order dismissing plaintiff’s suit under the provision of Act No. 107 of 1898, amending article 3519, Civ. Code, so as to provide that: “Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same.”
 

 I.
 

 This order was entered by the court below on September 19, 1929, on motion of defendant made on the same day, suggesting that more than five years had then elapsed since plaintiff had taken any steps in the prosecution of his suit, all in accordance with ruling in Lockhart v. Lockhart, 113 La. 872, 37 So. 860, that, under such circumstances, “at the suggestion of any party in interest, it [the suit so abandoned] may properly be stricken from the docket or dismissed.”
 

 For the purpose of this appeal, and so far as it is pertinent to the issue here involved, the course of the case in the court below was as follows:
 

 1922, May 5th — Suit filed
 

 1922, May 27th — Motion to fix exceptions
 

 1923, Nov. 5th — Summary Call Docket (No. 219)
 

 1928, March 20th — Motion to place on Call Docket
 

 1929, Sept. 6th — Motion to place on Call Docket
 

 1929, Sept. 9th — Summary Call Docket (No. 81)
 

 1929, Sept. 19th — Motion to dismiss suit.
 

 From which it appears that between the entry of May 27, 1922 (motion to fix exceptions), and the entry of March 20, 1928 (motion to place on call docket), a period of 5 years 9 months and 24 days elapsed; broken, however, by the entry of November 5, 1923 (summary call docket, No. 219), into two un
 
 *163
 
 equal periods of 1 year 5 months and 9 days, and 4 years 4 months and 15 days, respectively.
 

 Therefore, if the entry of November 5, 1923 (summary call docket No. 219), indicates a step taken by plaintiff! in the prosecution of this suit, then a full five years’ period has at no time elapsed without the plaintiff having taken any step in the prosecution thereof, and the suit was improperly dismissed.
 

 On the other hand, if the entry of November 5, 1923, does not indicate a step taken by plaintiff in the prosecution of this suit, then more than five years have elapsed at one time without plaintiff having taken any step in the prosecution thereof, and the suit was properly dismissed.
 

 II.
 

 It was once the case that, when a plaintiff filed a suit especially one entitled to be summarily tried and then allowed it to remain indefinitely untried, it might indeed happen “once in a blue moon” that he had a meritorious claim, but the all but catholic chances were that he had not; and that he had filed his suit only to interrupt the course of prescription and then to await, Micawber-like, for “something to turn up.” That, of course, may no longer be the case; and far be it from us to suggest that it is.
 

 But in order to put an end-to what then seemed to be an evil requiring abatement, the Legislature passed Act No. 107 of 1898, amending article 3519, Oiv. Code, by adding thereto the clause hereinabove just quoted, as to which this court said, in Lockhart v. Lockhart, 113 La. 872, 37 So. 860: “The amendment, therefore, consists of a distinct clause declaring under what circumstances a suit shall be considered abandoned. * * * The matter of abandonment was one of interpretation, depending upon circumstances and conduct, and subject to no fixed rule. It was therefore, as we think, the purpose of the General Assembly to substitute certainty for uncertainty, and * * * to make it known when it [the suit] is no .longer pending in court because of its having been abandoned.”
 

 And pursuing that same thought, the Court of Appeal for the parish of Orleans in State ex rel., etc., v. Edrington, 11 Orl. App. 288, Judge, said: “A step in the prosecution of a suit, within the meaning of Act 107 of 1898, requires some
 
 formal
 
 move before the Court, intended to hasten the judgment.” (Italics ours.)
 

 Again pursuing the same thought, this court said, in Lips v. Royal Ins. Co., 149 La. 359, 89 So. 213, 214: “It [the filing of an answer by the defendant] cannot be so regarded [i. e. as a step taken by plaintiff in the prosecution of the suit].”
 

 And pursuing still further that same thought, the Court of Appeal, Second Circuit, in Seligman v. Scott, 17 La. App. 486, 134 So. 771, 772, said: “No action taken by any person other than the plaintiff can have the effect of keeping this abandonment from taking place, except that the defendant can waive it by definite action on his part. Nothing that the sheriff or clerk or any other officer does or fails to do can have any effect on the abandonment one way or the other.”
 

 And that ruling was approved by this court in denying a certiorari in the case October 5, 1931.
 

 
 *165
 
 III.
 

 The statute is evidently one of public policy. The Civil Code had provided: “Art. 3470. There are no other prescriptions than those established by this Code and the statutes of this State now in force.”
 

 But the ingenuity of counsel had devised a means of extending indefinitely the short prescriptions of one, three, and five years, although statutes of limitation and repose are essentially matters of public policy. This, by the simple expedient of filing suit upon some fancied or doubtful claim and then allowing such suit to lie dormant for some long period far beyond that of the original period of prescription.
 

 It was to stop this
 
 practice
 
 that Act No. 107 of 189S was passed, and it would be wholly to emasculate the act and defeat the one and only purpose thereof, to wit, that of substituting “certainty for uncertainty,” to allow any but record evidence to show that plaintiff had in fact taken some step intended to hasten the judgment by formal move before the court.
 

 We are asked here to
 
 presume
 
 that the case was put on the call docket at the (perhaps informal) suggestion of the plaintiff. This we cannot do without defeating the very purpose of the statute. And moreover there is no presumption that it was so done at the instance of plaintiff, notwithstanding 'the fact that plaintiff had the chief interest in having it done, for it was the plain ministerial duty of the clerk to put it there of his own initiative “as soon as (the case was) at issue.” See Rev. Stat. § 1991, as amended by Act No. 23 of 1882, p, 39.
 

 We are therefore of opinion that the suit was properly dismissed.
 

 Decree.
 

 For the reason assigned, the order appealed from is affirmed.