143 So. 33

### COCKE v. CAVALIER et al.

#### No. 31239.

June 20, 1932.

Weiss, Yarrut & Stich, of New Orleans, for appellant.

E. M. Robbert and McCloskey & Benedict, all of New Orleans, for appellee Henry J. Robbert.

ODOM, J.

On December 15, 1919, plaintiff sued defendants on a promissory note. One of them filed answer on January 9, 1920. The case was never tried and on December 16, 1930, the defendant who filed answer ruled plaintiff to show cause why the suit should not be considered as having been abandoned after five years from the date of filing and why the same should not be dismissed. The rule was tried on January 15, 1931, and the court ordered:

"That said rule be made absolute, and accordingly this suit is hereby considered, as having been abandoned, after five years from date of filing same, and said suit is hereby dismissed as to Henry J. Robbert" (he being the defendant who filed answer).

Plaintiff appealed.

(1) Article 3519 of the Civil Code, as amended by Act No. 107 of 1898, provides that:

"Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same."

Prior to the amendment of the Code by Act No. 107 of 1898, the question as to when, and under what circumstances, a suit might be considered as having been "abandoned" was subject to no fixed rule, but was a matter of interpretation depending upon circumstances and conduct. The purpose of the amendment was "to substitute certainty for uncertainty." Lockhart v. Lockhart, 113 La. 872, 37 So. 860.

Plaintiff's suit remained on the docket more than ten years without his having obtained final judgment. If during that time, a period of five years elapsed without his having taken any steps in the prosecution thereof, the suit must be dismissed under the plain letter of the law.

The suit was filed on December 15, 1919, and issue was joined by answer filed on January 9, 1920. The record shows that the case was "continued by preference" five times in 1920, the last time on May 16th. It does not appear why or upon whose motion or suggestion it was continued. For aught we know it may have been ordered continued by the judge without request or suggestion from counsel for plaintiff. But that is a matter of no moment, because on March 14, 1924, which was less than five years from the date on which the suit was filed, we find the following minute entry:

"On motion of J. Bernard Cocke (plaintiff) herein appearing through Weiss, Yarrut & Stich, Attorneys, and on suggesting to the court that this case should be placed on the summary call docket to be duly fixed for trial,

"It is ordered by the court that this case be placed upon the summary call docket.

"[Signed]   Porter Parker, Judge."

The next entry appears on March 28, 1924, which merely shows "case passed."

On December 15, 1925, plaintiff, through his attorneys, again filed formal motion asking that it "be placed upon the summary call docket to be fixed for trial," and it was so ordered by the court. Similar motions were made by plaintiff's counsel and similar orders granted by the court on October 19, 1926, Jan-

uary 31, 1928, January 16, 1929, and April 24, 1930.

In the meantime other entries appear as follows:

"Case passed," January 7, 1926; "Case continued to foot of call docket," November 10, 1926; "Case continued by preference," March 7, 1928; "Continued to be reassigned," March 28, 1929; "Continued indefinitely," October 24, 1929; "Continued indefinitely," March 14, 1930; "Continued to foot of call docket," September 13, 1930, and again "Continued to foot of call docket," November 16, 1930.

At whose suggestion or upon whose motion the case was continued does not appear. But that does not matter for it affirmatively appears that on March 14, 1924, less than five years from the date on which the suit was filed and five times thereafter, once in each of the years 1925, 1926, 1928, 1929, and 1930, the plaintiff, through his attorneys, appeared in court, and by formal motion asked that the case be placed upon the summary call docket.

█ These were "steps in the prosecution" of the case within the intendment of the statute. The word "prosecution," as used in the statute, means any move made by plaintiff to continue, to follow up, or to go on or proceed with the case. In order that the case might be finally disposed of and that "final judgment" might be obtained, it was necessary that it be set down for trial. An active move made by a plaintiff to have his case placed on the summary docket of the court so that it may be reached and set for trial is a necessary step in the prosecution thereof.

At no time during the eleven years this case was on the docket did plaintiff permit five years to elapse without making some move,

without taking some step in the prosecution of his case. His activities and conduct all through negative the idea and destroy all presumption that he intended to abandon his case.

█ It was stated in oral argument before the court by counsel for defendant, and not denied by counsel for plaintiff, that the case was continued on numerous occasions by consent. Counsel for plaintiff says he agreed to continuances as a courtesy to opposing counsel. The reason for these continuances is not pertinent. The relevant question is whether plaintiff "shall be considered as having abandoned the same." Under the circumstances disclosed, we cannot so hold.

Counsel for defendant, plaintiff in rule, cites the case of Augusta Sugar Co. v. Haley, 163 La. 814, 112 So. 731, where this court said:

" 'Steps in the prosecution' of a suit required by Act No. 107 of 1898, amending Rev. Civ. Code, art. 3519, to avoid abandonment after five years, mean active measures by plaintiff, intended and calculated to hasten suit to judgment, not mere passive efforts to keep in on docket, as by resisting defendants' motions to dismiss; purpose of act being to end practice of filing suit merely to interrupt prescription and require defendant to force issue."

In that case the court found that:

"The only other evidence which plaintiff has given of its interest in the suit has been purely passive; i. e., in resisting defendants' efforts to have the suit dismissed, to wit, three former motions by defendant to dismiss the suit as abandoned and one motion to strike out the supplemental petition as tending to change the issues."

The court referred to these as mere passive efforts "to keep the suit on the docket of the court."

In the case at bar, plaintiff took active measures to carry on or proceed with the case.

For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that plaintiff's case be reinstated on the docket of the civil district court for the parish of Orleans, all costs incurred in this proceeding by rule to be paid by defendant, plaintiff in rule.

BRUNOT, J. (dissenting).

This is a proceeding by rule. It is brought under the provisions of Civ. Code art. 3519, as amended by Act No. 107 of 1898. The pertinent part of article 3519, as amended, is as follows:

"Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same."

The evident intent of the Legislature, in the passage of Act No. 107 of 1898, was to require the plaintiff, in an instituted suit, to be reasonably diligent in the prosecution of it. The only question presented in this case is whether or not the docketing of the case for trial can be reasonably held to be a step in the prosecution of the plaintiff's cause of action.

This suit was filed December 15, 1919. The defendant, Henry J. Robbert, answered the suit on January 9, 1920, and the case was placed on the summary call docket for March 4, 1920. Thereafter the transcript shows the following entries:

3/4/20, Case continued by preference.

3/18/20, Case continued by preference.

4/1/20, Case continued by preference.

4/22/20, Case continued by preference.

5/16/20, Case continued by preference.

3/14/24, Motion to place on summary call docket.

3/28/24, Case passed.

12/15/25, Motion to place on summary call docket.

1/7/26, Case passed.

10/19/26, Motion to place on summary call docket.

11/10/26, Case continued to foot of call docket.

1/31/28, Motion to place on summary call docket.

3/7/28, Case continued by preference.

1/16/29, Motion to place on summary call docket.

3/28/29, Continued to be reassigned.

10/24/29, Continued indefinitely.

4/24/30, Motion to place on summary docket.

5/14/30, Continued indefinitely.

9/13/30, Continued to foot of call docket.

11/16/30, Continued to foot of call docket.

Following the last of the foregoing entries, the defendant ruled the plaintiff into court to show cause why his suit should not be considered as having been abandoned. The rule was heard, submitted, and taken under advisement.

The trial judge, for written reasons assigned, rendered judgment on January 15, 1931, making the rule absolute, and the plaintiff (respondent in rule) appealed. It is seen that the judgment on the rule was rendered

eleven years and one month after the suit was filed.

The question presented in this case is not to be considered as res novo in this state. In Augusta Sugar Co., Ltd., v. Haley, 163 La. 814, 112 So. 731, 732, Mr. Justice St. Paul, the organ of the court, said:

"We think that a step in the prosecution of a suit means something more than a mere passive effort to keep the suit on the docket of the court; it means some active measure taken by plaintiff, intended and calculated to hasten the suit to judgment. Otherwise we would have this absurd result, that every effort of a defendant to dismiss the suit would result merely in prolonging the delay within which the plaintiff must proceed with the prosecution thereof.

"And such was not the legislators' intent; for it is well known that the very purpose of the act was to put an end to the then prevailing practice of filing suit to interrupt prescription, and then letting the suit hang perpetually over the head of the defendant unless he himself should force the issue; in other words, of putting on the defendant the burden of showing that plaintiff's claim was unfounded."

In this case the suit is upon a promissory note. The defendants are the maker and indorsers thereof. It appears that the maker of the note did not answer the suit or make an appearance in the case, and it does not appear that the plaintiff has attempted to secure judgment against him by default. So far as the record discloses, plaintiff has taken no active step in the prosecution of his demand, but has confined his activities to passive efforts to keep the case on the court docket.

We think it was the legislative intent to remedy just such a situation as this case presents. The extended professional courtesies, so forcefully presented to the court in counsel's eloquent argument, are matters de hors the record, and, therefore, cannot be considered.

For the reasons stated, the judgment appealed from should be affirmed at appellant's cost.