## LANDRY v. DORE.

### No. 1173.

Court of Appeal of Louisiana. First Circuit.
June 30, 1933.

Chappuis & Chappuis, of Crowley, for appellant.

Pugh & Buatt and D. T. Canan, all of Crowley, for appellee.

ELLIOTT, Judge.

A. B. Dore instituted proceedings against L. T. Landry, (No. 6836) ruling him into court to show cause why the suit against him, entitled and numbered as above on the docket of the district court in and for the parish of Acadia, should not be dismissed on the ground that it had been abandoned.

L. T. Landry for answer alleges that he is in no way responsible for the delay made the basis of the rule, denied that he had abandoned the case, and prayed that the rule be discharged.

The court rendered judgment making the rule absolute and dismissed the cause as in case of nonsuit.

L. T. Landry appealed. The plaintiff in rule invokes the language of the Civil Code, art. 3519 (amended by Act No. 107 of 1898), which reads as follows: "If the plaintiff in this case, after having made his demand, abandons or discontinues it, the interruption shall be considered as having never happened. Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse, without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same."

The record shows that L. T. Landry brought suit against A. B. Dore on a mortgage note for $500 filed December 4, 1924. The defendant filed answer, and on February 15, 1927, the case was tried and the taking of testimony was concluded. The last thing done and the last minute entry in which anything was said about the case bears date Feb. 15, 1927, and reads as follows: "On motion of D. T. Canan, Jr., attorney for defendant, the name of P. S. Pugh, Esq., was added to assist the defense and this case not being concluded yesterday at the hour of adjournment was this day resumed and concluded. Note

of evidence closed and case to be submitted when evidence is transcribed."

It was shown on trial of the rule that part of the testimony taken on the trial on February 15, 1927, was that of Lloyd Franques, witness for Dore, by a shorthand reporter. There was other testimony taken, but that of Lloyd Franques was for some reason · never transcribed. More than five 'years elapsed after the taking of the testimony was concluded without further steps taken in the prosecution of the case, and based on that fact, Dore, plaintiff in rule, contends that the case has been abandoned. The abandonment is said to result from the failure of Landry to have the testimony of .Franques transcribed, because until that was done, the case under the minute entry could not be regarded as having been submitted to the court. So the question is, was it the duty of Landry, defendant in rule, to have the testimony transcribed, in which event, under the minute entry, the case would have been automatically submitted.

Landry, defendant in rule, contends that it was not his fault that the testimony of the witness Franques was not transcribed; that it was the duty of the clerk of court to transcribe it and that the inaction of the clerk should not be imputed to him.

Act No. 64 of 1900 provides for the appointment of shorthand reporters to take testimony. Under the act it is the duty of the clerk of court to appoint, but in case of refusal or neglect to do so on the part of the clerk, the judge has power to appoint.

The evidence does not show whether the reporter, who took the testimony of Franques, had been appointed by the clerk or judge, but as nothing indicates otherwise, we assume that the appointment was made by the clerk of court.

Section 2 of the act makes it the duty of the clerk of court to file the testimony within 10 days after it has been taken and which of course supposes that it will have been transcribed by his shorthand reporter within that time.

In Crespo v. Viola, 152 La. 1088, 95 So. 256, 257, the Supreme Court, referring to the provisions of sections 2 and 6 of this act, in the latter part of the opinion used this language: "We conclude, therefore, that it was the duty of the court below to require the stenographer to file the note of evidence in this case and that the latter should look to the clerk or the plaintiff for the payment of his fees as provided by law." The court had in mind the duty of a judge ad hoc in a case in which a long delay had provoked proceedings in the Supreme Court. The court did not have in mind a question such as we find involved in the present case.

The provision of section 2 of Act No. 64 of 1900 cannot be looked on as having altered or modified the provision of the Civil Code, art. 3519 (amended by Act No. 107 of 1898), which in express terms declares the result of inaction on the part of the plaintiff for the period of time mentioned before obtaining final judgment after having made his demand. Augusta Sugar Co. v. Haley, 163 La. 814, 112 So. 731, is an applicable authority in the present case.

In Barton v. Burbank, 138 La. 997, 71 So. 134, the case had been submitted. In the present instance it was not submitted. Landry was the plaintiff. It was his duty to prosecute the case by taking steps looking to that end. It was therefore necessary for him to see that the testimony of Franques was transcribed to the end that the submission might have effect. His legal duty persisted in that respect until that of the judge attached as the result of a submission. If the clerk was neglectful in the matter of transcribing the shorthand notes and filing the evidence, he should have invoked the power of the Court to compel him to act.

The cases, Cocke v. Cavalier, 175 La. 151, 143 So. 33, and Jones v. American Bank & Trust Co., 175 La. 160, 143 So. 35, have received our consideration. The reasons on which they are based show that they are not governing in the present instance.

Landry took no active steps in the prosecution of the present case for more than five years. The penalty prescribed by law for such inaction, being invoked against him, must be applied.

Judgment affirmed. Landry, defendant in rule, appellant, to pay the costs in both courts.