## BELL et al. v. STARING et al. *

### No. 1647.

Court of Appeal of Louisiana. First Circuit.

Nov. 7, 1936.

*Rehearing denied Dec. 10, 1936.

Leslie A. Fitch, of Baton Rouge, for appellants.

J. E. Huckabay, of Baton Rouge, for appellees.

OTT, Judge.

On March 11, 1929, plaintiffs filed this suit against the defendants for an alleged slander of title to certain property which the plaintiffs claimed as owners and possessors. After filing certain exceptions, the defendants filed an answer on January 6, 1930. Claiming that the answer was inconsistent, plaintiffs filed a motion to require defendants to elect on February 10, 1930. This motion to elect came up for argument on February 17, 1930, and was submitted on briefs to be filed in ten days. According to the minutes, the motion to elect was overruled on April 28, 1930.

No further action was taken in the case until April 6, 1936, almost six years after the overruling of the motion to elect. On this latter date, on motion of counsel for plaintiffs, the case was "assigned" for May 21, 1936; counsel for defendant to be notified. (The minutes merely use the word "assigned," but we understand from the briefs filed in the case that the motion to elect was assigned for a rehearing on May 21, 1936.) The minutes show that on May 21, 1936, on motion of counsel for plaintiffs, the motion to elect was submitted on briefs to be filed in fifteen days.

It is well to state here that when the motion was made to reargue and resubmit the motion to elect, C. C. Bird, Esq., was the attorney of record for the defendants, but the minutes do not show that he was present when the motion was resubmitted; however, the facts show that he was not present as he had at that time retired from the case.

On June 5, 1936, the defendants, through J. Elton Huckaby, Esq., who had become counsel for the major defendants in the meantime, and J. B. Smullin, Esq., curator ad hoc for the minor defendants, filed a rule against plaintiffs to show cause why the suit should not be dismissed for a failure to take any action therein for over five years under the provisions of article 3519 of the Civil Code as amended by Act No. 107 of 1898. This rule was made returnable on June 15, 1936.

The plaintiffs in the main suit, defendants in rule, admitted that no action had been taken in the case for more than five years, but alleged in the answer to the rule that they had no intention of abandoning or discontinuing the suit; that the delay in prosecuting the suit was caused by an error of fact on the part of all of the attorneys in the case with regard to the disposition by the trial judge of the motion to elect which had been submitted on February 17, 1930; that counsel for plaintiffs had no knowledge of the fact that the judge had overruled this motion to elect on April 28, 1930; that counsel had examined the minutes of the court regularly for some time after the motion had been submitted, and had inquired of the minute clerk and of the judge as to what disposition had been made of the motion to elect, and from none of these sources did counsel secure the information that this motion had been overruled on April 28, 1930; that the attorneys for plaintiffs had watched the court news to ascertain what action had been taken on the motion and had requested the minute clerk to notify them when action was taken on the motion, but that they, said attorneys, had no actual knowledge that said motion to elect had been overruled on April 28, 1930, by the trial judge until the present motion to dismiss was filed and served.

Testimony was heard on this motion to dismiss, which testimony supported the principal facts set up in the answer to the rule to the effect that counsel had no knowledge of the action of the court in overruling the motion to elect on April 28, 1930. The court admitted this testimony over the objections of counsel for plaintiffs in rule, but, at the conclusion of the testimony, on motion of counsel for plaintiffs in rule, the court struck out the allegations in the answer to the rule setting up the reasons for the failure of plaintiffs to prosecute the suit for more than five years. The court sustained the rule and dismissed the suit of plaintiffs as in case of nonsuit. From that judgment of dismissal, this appeal is taken.

The last paragraph of article 3519 of the Civil Code, as amended by Act No. 107 of 1898, reads as follows:

"Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same."

■ This provision of the Code does not create a conclusive legal presumption of the intention of a plaintiff to abandon his suit by a failure to take any action therein for five years. Nor does it deprive the plaintiff from showing that the failure to prosecute the suit was caused by circumstances beyond his control or by reason of a situation for which he is not responsible. The failure to prosecute the suit must be attributable to the failure or neglect of the plaintiff to take some action in court whereby the case would be hastened to a final judgment. If, for instance, in the present case, the trial judge who took under advisement the motion to elect on February 17, 1930, had made no decision on that motion and had thus prevented plaintiffs from going forward with their suit for a period of more than five years, the delay would

have been attributable to the judge and not to plaintiffs. Barton v. Burbank, 138 La. 997, 71 So. 134.

■ On the other hand, the law does contemplate that where the plaintiff has it within his power to act in furtherance of the prosecution of his claim to a final judgment, but, through neglect or inaction, he fails to take any formal steps to bring his case to judgment for five years, he shall be considered as having abandoned his suit and it will be dismissed on motion. Augusta Sugar Co., Ltd., v. Haley et al., 163 La. 814, 112 So. 731.

■ Moreover, this action on his part contemplates some formal move in the court where he has filed his suit which would tend to advance his case to a final judgment. It has been held that a motion to have the case placed on the summary call docket is such a formal motion tending to advance the case to trial and judgment as will preclude a dismissal of the case for nonaction under this five year prescriptive period. Cocke v. Cavalier et al., 175 La. 151, 143 So. 33; Jones v. American Bank & Trust Co., 175 La. 160, 143 So. 35.

But a motion merely to withdraw the record in the suit is not such a motion or step by plaintiff in hastening the suit to judgment as will save it from dismissal for failing to prosecute for five years. Lips v. Royal Ins. Co. et al., 149 La. 359, 89 So. 213.

■ Coming now to a discussion of the kind of excuses offered for a failure to prosecute the suit that will exonerate plaintiff from the penalty of dismissal where he has taken no formal action in court for five years or more, we find that the reasons for this failure on his part to go forward with his case for five years must show a situation where it would be impossible for him to do so. Nor will it avail him to show that a situation has arisen outside of the record making it inadvisable for him to go forward with the case, unless this circumstance is embodied in an agreement placed in the record. See Lips v. Royal Ins. Co., supra.

■ If plaintiff has it within his power to take some action to further his suit to a final judgment, no neglect or fault of a court official, nor misapprehension of fact on his part, will justify his failure to take steps in the prosecution of his suit for more than five years. Nix v. Lancaster and Wight, Receivers, 3 La. App. 402; Landry v. Dore (La.App.) 149 So. 321.

■ Applying these rules to the present case, it cannot be said that plaintiffs were placed in a position where they could not continue their suit after their motion to elect was overruled on April 28, 1930. The failure of the clerk to notify the attorneys of the action of the court, or their failure to obtain information of this entry on the minutes overruling this motion, cannot avail as a justification for the failure to take any further steps in the case after the motion was overruled until more than five years had elapsed. It was not the duty nor the custom of the clerk to notify the attorneys of the action of the court on motions passed on in open court. There is no question but the minute entry was made when the motion was overruled. It was just as accessible to plaintiffs' counsel as it was to defendants' counsel or to the clerk.

The record shows that the trial judge who heard and overruled the motion to elect died in office on December 26, 1934. It is significant that, although counsel for plaintiffs had no knowledge of the overruling of the motion to elect, and therefore must have though the trial judge still had the motion under advisement at the time of his death, yet they took no action to have the motion passed on by another judge until April, 1936. Even assuming that plaintiffs were laboring under a mistake of facts relative to the status of the motion to elect at the time of the death of the trial judge, they had full power at that time to take formal steps in court to get action on the motion, and also to take further steps in prosecuting the case to a final judgment.

For the reasons assigned, the judgment is affirmed at the cost of appellant.