This matter comes before us on motion to dismiss the appeal of Metairie Bank in Liquidation.
The suit, on a promissory note alleged to have been made by Emile J. Lecler, defendant, was filed on April 17, 1935, by "Jasper S. Brock, State Bank Commissioner, through his Special Agent, Paul R. Breaux, in charge of Metairie Bank, In Liquidation", and it was prayed that judgment be rendered in favor of "Metairie Bank in Liquidation". According to the return of the civil sheriff, domiciliary service was made on Lecler on April 30, 1935. On May 16, 1935, preliminary default was entered and on June 27, 1935, judgment against Lecler was rendered and signed.
More than five years later — on December 20, 1940 — Lecler filed what he styled an exception to the jurisdiction of the court, setting forth, as grounds for the maintenance of the exception, that he had never received any legal citation and that, at the time at which service had supposedly been made, he was not domiciled in the place at which the citation had been served. Later, on the same day, to-wit: December 20, 1940, he filed a motion in which he suggested the dismissal of the suit on the ground "that plaintiff has allowed more than five years to elapse without having taken any steps in the prosecution thereof and without ever having obtained a final judgment therein". When this motion was presented to the district judge, he, on that same day, December 20, 1940, signed the following order: "It is ordered by the court that plaintiff's suit herein against defendant be dismissed at plaintiff's cost."
This motion and order is claimed by Lecler to have been warranted by article 3519 of our Civil Code, as amended by Act 107 of 1898, and which article, as amended, reads as follows:
"If the plaintiff in this case, after having made his demand, abandons or discontinues it, the interruption shall be considered as having never happened.
"Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same."
There is nothing in the record from which we can determine that this order of dismissal was ever brought to the attention of, or served upon, plaintiff, or the attorney for plaintiff. On January 16, 1941, "Metairie Bank in Liquidation, through its attorney, Stanley A. Baron", filed a motion suggesting that the motion of December 20th and the order of dismissal based thereon be "expunged from the record", and on that motion was issued an order directing defendant, Lecler, to show cause why the said motion and order should not be so expunged. To this proceeding Lecler "excepted" on the ground that the plaintiff should, instead, have appealed from the order which, on December 20, 1940, had dismissed the suit.
This rule to expunge the order of dismissal was heard and at that time counsel for Lecler withdrew his exception of want of proper service and, after this rule had been heard, the district judge, on February 12, 1941, rendered judgment in favor of Lecler "maintaining the dismissal of this suit". It is from this judgment of February 12, 1941, that this appeal has been taken by "Metairie Bank in Liquidation".
We are urged to dismiss the appeal on any of three grounds:
(1) That the appeal has not been taken by the proper party.
(2) That, if plaintiff was entitled to any appeal, it should have been taken from the order of dismissal of December 20, 1940, and not from the judgment of February 12, 1941, confirming that order; and,
(3) That the devolutive and suspensive appeal bonds are fatally defective in that the principal named therein is "Metairie Bank in Liquidation, through its attorney, Stanley A.J. Baron", whereas the true *Page 712 
principal should be "The Special Agent or the State Bank Commissioner".
As to the first objection — that the appeal has not been taken by the proper party, it suffices to say that it was taken by Metairie Bank in Liquidation, which is the exact name of the party for whom judgment was prayed for in the original petition and the exact name of the party in whose favor the original judgment was rendered. And we also add that it is the exact name of the plaintiff as it is shown in both motions filed by Lecler on December 20, 1940.
This disposes also of the third objection — that the principal in the appeal bond should not have been the Metairie Bank in Liquidation.
We see no reason which would prevent the taking of an appeal from the judgment which was rendered on February 12, 1941. That judgment was rendered after a trial at which both parties were represented and it was the last expression of the court on the matter in controversy. The other so-called judgment of December 20, 1940, was rendered without a trial and no notice of it was given to the plaintiff, so far as the record shows. If article 3519, as amended, may be construed as giving to the defendant the right to obtain an ex parte order of dismissal, without the necessity of an order to show cause, it follows that there must be some remedy available to the plaintiff whose suit has been ordered dismissed, and it follows, too, that this remedy would not be by appeal from that order, for, to appeal from that order would avail him nothing since he, of course, could not have in the record at that time any evidence showing that he had not abandoned the case. Article 3519 merely creates a presumption that the plaintiff who has not prosecuted his suit for five years has abandoned it, but "the legal presumption of abandonment, however, is not conclusive, and the plaintiff may rebut it by showing that the failure to prosecute the suit was caused by circumstances beyond his control. Barton v. Burbank, 138 La. 997, 71 So. 134 (1916); Cotonio v. Richardson, 4 Orleans App. 280 (La.App. 1907); see Bell v. Staring, 170 So. 502, 503 (La.App. 1936)." (Tulane Law Review, Vol. XIII, page 641 — "Prescription — Presumption of Abandonment of Suit — Waiver of Plea of Abandonment". The cases cited hold that a plaintiff, against whom it is contended that his suit has been abandoned, may show that, in fact, he has not done so and that his failure to prosecute has resulted from causes beyond his control. In Bell v. Staring, supra [170 So. 503], the Court of Appeal for the First Circuit, referring to article 3519, said: "This provision of the Code does not create a conclusive legal presumption of the intention of a plaintiff to abandon his suit by a failure to take any action therein for five years. Nor does it deprive the plaintiff from showing that the failure to prosecute the suit was caused by circumstances beyond his control or by reason of a situation for which he is not responsible. The failure to prosecute the suit must be attributable to the failure or neglect of the plaintiff to take some action in court whereby the case would be hastened to a final judgment."
If, then, plaintiff should, on appeal, be limited to the record as it was when the ex parte order of dismissal was rendered, it is obvious that it could not show justification for its failure to prosecute its suit. The only way in which it can show such justification is by the filing of a rule to set aside the order of dismissal and by showing on that rule the reasons for its failure to prosecute the suit and by then appealing from an adverse judgment on that rule. This is exactly what plaintiff has done here.
All that we have said, of course, is based on the assumption that there has been a period of five years between the filing of the suit and the obtaining of judgment, in which no steps were taken by the plaintiff; and we may say, in passing, that this appears to us to be a violent assumption in view of the fact that the judgment was actually obtained very shortly after the suit was originally filed.
At any rate, we see no reason why the appeal should not have been taken from the judgment of February 12, 1941, and we see no reason why it should not have been taken, as it was, by Metairie Bank in Liquidation.
The motion to dismiss the appeal is overruled.
Motion to dismiss overruled. *Page 804