63 So.2d 477 (1953)
ZATARAIN
v.
PORTERA.
No. 20018.
Court of Appeal of Louisiana, Orleans.
February 23, 1953.
Rehearing Denied March 23, 1953.
Writ of Certiorari Denied April 27, 1953.
Montgomery, Barnett, Brown & Sessions and Arthur B. Hammond, Jr., New Orleans, for plaintiff and appellant.
*478 James P. Vial, Hahnville, for defendant and appellee.
McBRIDE, Judge.
This appeal presents the question whether plaintiff had abandoned the case by reason of his failure to take steps towards its prosecution for five years during which time the defendant was in the armed forces.
Plaintiff instituted his suit on November 23, 1940, and after obtaining a delay in which to plead, defendant interposed an exception of vagueness.
Plaintiff amended his petition on March 22, 1941.
An answer was filed on May 16, 1941. There were no further proceedings until on September 4, 1947 when the defendant moved to dismiss the suit on the ground that the plaintiff had permitted more than five years to elapse without having taken any step in the prosecution thereof. On the same day an ex parte order was signed by the judge below reading:
"It is ordered by the Court that this suit be considered as having been abandoned by the Plaintiff and accordingly, the said suit be dismissed at his costs."
The record contains nothing from which it can be deduced that defendant's motion, or the order of dismissal, was ever brought to the attention of or that service thereof was made upon plaintiff.
At any rate, on September 17, 1947 plaintiff presented a motion to the court suggesting that the order of dismissal "was illegally, improperly, improvidently and invalidly * * * rendered" for the assigned reason that both the plaintiff and defendant were members of the armed services of the United States, and that it was impossible for plaintiff to have prosecuted the suit because of the military service tenure of the parties. Defendant was ordered to show cause why the dismissal should not be rescinded and the matter was heard on November 3, 1947.
For some undisclosed reason the judge held the matter under advisement until May 28, 1952, on which date a judgment was rendered dismissing the rule on an exception of no cause of action which the defendant had interposed thereto. The matter comes to us on the appeal taken by plaintiff from that ruling.
The second paragraph of LSA-C.C. art 3519 reads as follows:
"Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same."
Certain evidence was produced by plaintiff on the trial of his rule to have the order of dismissal rescinded from which appear these facts.
In March 1941 the attorney representing defendant addressed a letter to plaintiff's counsel in which he, in part, stated:
"My client is in the Military service being selected by the Local draft board. I do not think that we will be able to try this case until his return unless he can get a leave at a time when the case is set for trial."
Thereafter plaintiff's counsel addressed two letters to defendant's attorney and also sent a letter to the Clerk of Court respecting this suit. The first of these is dated March 1, 1944, and therein plaintiff's counsel inquired whether certain testimony might not be taken out of court before the witnesses went into the army. To this inquiry defendant's attorney replied on March 15, 1944 as follows:
"I have no objections to the taking of testimony of your witnesses before they go into the Army but if I remember correctly you have requested a jury trial of this case and I feel that I would prefer having the witnesses testify in Court so that the Jury can hear and see them. This case can not be tried until after the war anyway as Mr. Portera is in the service and it is entirely possible that he may not return the same as your witnesses."
In a letter written on July 1, 1947, which went unanswered, plaintiff's counsel sought to learn from the attorney representing defendant whether the defendant had returned from the army. Next, in a letter *479 dated July 1, 1947 plaintiff's counsel instructed the Clerk of Court to fix the matter for trial, but nothing attests whether the Clerk made any compliance with the request.
Perhaps the judge below was justified in dismissing the suit, for the record discloses that the plaintiff took no steps looking to the prosecution of his demand for more than five years. But, the judge committed error in not vacating the order of dismissal upon the showing made by plaintiff at the hearing of the rule to show cause.
LSA-C.C. art. 3519 was not intended as creating an absolute presumption of the intention of a plaintiff to abandon his suit by the mere fact that he fails to take any action for five years. Whatever presumption the article might create may be rebutted on a proper showing made by the plaintiff. It seems to us that it has been abundantly proven that there was no voluntary abandonment of the case and that plaintiff's inaction was due entirely to the force and effect of the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.A. Appendix, § 501 et seq.
In Section 100 of the Act, 50 U.S.C.A. Appendix § 510, provision is made:
"* * * to suspend enforcement of civil liabilities, in certain cases, of persons in the military service of the United States in order to enable such persons to devote their entire energy to the defense needs of the Nation, and to this end the following provisions are made for the temporary suspension of legal proceedings and transactions which may prejudice the civil rights of persons in such service during the period herein specified over which this Act remains in force."
Section 205, 50 U.S.C.A.Appendix, § 525, declares in part:
"The period of military service shall not be included in computing any period now or hereafter to be limited by any law, regulation, or order for the bringing of any action or proceeding in any court, board, bureau, commission, department, or other agency of government by or against any person in military service or by or against his heirs, executors, administrators, or assigns, whether such cause of action or the right or privilege to institute such action or proceeding shall have accrued prior to or during the period of such service, * * *."
Defendant's counsel has cited several cases which he contends are authoritative for the proposition that nothing dehors the record can be advanced as an excuse for not proceeding with the case to a judgment, but after reading them we are able, without difficulty, to distinguish them from the instant matter. We believe that what we said in the case of Metairie Bank in Liquidation v. Lecler, La.App., 1 So.2d 710, 712, is particularly pertinent here:
"* * * The cases cited hold that a plaintiff, against whom it is contended that his suit has been abandoned, may show that, in fact, he has not done so and that his failure to prosecute has resulted from causes beyond his control. In Bell v. Staring, La.App., supra (170 So. 503), the Court of Appeal for the First Circuit, referring to article 3519, said: `This provision of the Code does not create a conclusive legal presumption of the intention of a plaintiff to abandon his suit by a failure to take any action therein for five years. Nor does it deprive the plaintiff from showing that the failure to prosecute the suit was caused by circumstances beyond his control or by reason of a situation for which he is not responsible. The failure to prosecute the suit must be attributable to the failure or neglect of the plaintiff to take some action in court whereby the case would be hastened to a final judgment.'"
It is manifest that the plaintiff could not have effectively appealed from the order of dismissal since he could not have in the record at that time any evidence showing that he had not abandoned the case, and surely when he made the showing that there was no voluntary abandonment of the case by him, the remedy available to him was to appeal from the order dismissing the rule to show cause.
*480 Therefore, for the reasons assigned, the judgment dismissing plaintiff's rule to recall and rescind the judgment of dismissal of September 4, 1947 is hereby reversed, and it is now ordered, adjudged and decreed that said rule be made absolute, and accordingly the judgment of the lower court dismissing plaintiff's suit be and same is hereby reversed and rescinded, and the matter is now remanded to the court below for further proceedings in accordance with law not inconsistent herewith. Defendant-appellee is to pay the costs of this appeal, and all other costs are to await a final determination of the case.
Reversed and remanded.