124 So.2d 240 (1960)
Molen Williams WASHINGTON et al., Plaintiffs-Appellants,
v.
Herman HARVEY et al., Defendants-Appellees.
No. 9267.
Court of Appeal of Louisiana, Second Circuit.
October 27, 1960.
Rehearing Denied December 1, 1960.
Certiorari Denied January 9, 1961.
*241 McIntosh, Hester & Gilfoil, Lake Providence, for appellant.
Cotton & Bolton, Rayville, for appellee.
AYRES, Judge.
Plaintiffs seek to recover of the employer and his compensation insurance carrier benefits under the Workmen's Compensation Law, LRS-R.S. 23:1021 et seq., for the accidental death, on June 10, 1953, of David Martin, Jr., illegitimate son of Molen Williams Washington. The husband and other children join together as plaintiffs as a dependent group or family claiming the benefits prescribed by the statute. The matter is now before this court to review a judgment of the district court whereby a motion to dismiss, based upon the provisions of LSA-C.C. Art. 3519, was sustained.
The undisputed facts material to the issue presented in the motion to dismiss may be briefly stated. The suit was filed June 15, 1954, and the case was tried September 8, 1954, at the conclusion of which the following stipulation was entered into between counsel for plaintiffs and defendants, and approved by an order of the court
"* * * that the evidence in this case shall be transcribed and delivered to the plaintiff after which time the plaintiff will have twenty days within which to file his brief, furnishing copies to the defendant and thereafter the defendant shall have an additional twenty days within which to file its brief, after which time the case will bethe record will be delivered to the Court for its consideration."
The note of evidence was filed with the clerk of court October 7, 1954, and made available to plaintiffs' attorneys March 28, 1958, by their payment of the reporter's fees. Their brief was filed August 14, 1959. The motion to dismiss was filed September 9, 1959.
The pertinent provision of LSA-C.C. Art. 3519 reads:
"Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same."
If the interruption of the aforesaid period depended upon the payment of the reporter's fee and the filing of the transcript of evidence with the court or in the record, there would be no question as to the correctness of the judgment dismissing plaintiffs' action, for it has been held that neither the payment of such fees nor the subsequent filing of the transcript of evidence constitutes a "step" by plaintiffs in the prosecution of the case or in forwarding the progress thereof or hastening the rendition of a judgment therein. Sanders v. Luke, La.App. 1957, 92 So.2d 156; Newson v. Bailey, La. App.1956, 88 So.2d 391; Reagor v. First National Life Insurance Company, La.App. 1956, 85 So.2d 312.
Of primary concern here is the question of whether or not the filing, in or with the court, of a trial brief comes within the definition of a "step" in the *242 prosecution of plaintiffs' case as contemplated in the aforesaid codal article. We have been cited no case directly in point and, by our own search, we have been unable to find such authority.
Reasoning from analogy, defendants contend, however, that the mere filing of a brief does not constitute such affirmative action by the plaintiffs as would constitute a "step" in the prosecution of their case. One of the cases relied upon is Lips v. Royal Ins. Co. of Liverpool, England, 149 La. 359, 89 So. 213, 214. In that case, the question was presented as to whether or not a motion to withdraw the record, obviously for the purpose of preparing a brief, constituted a step in the prosecution of the suit. In holding that it did not, the court stated:
"* * * But clearly by a step in the prosecution of a suit is meant something done in court towards the progress of the suit in court; and a withdrawing of the record by counsel, with or without permission of the court, is merely something for the convenience of counsel, and is not a step forwarding the progress of the case in court."
A "step" in the prosecution of a suit, within the meaning of the codal provision, has been held to require some formal move before the court to further the progress of the case or to hasten the judgment therein, and a situation arising outside the record cannot be considered a "step" taken in the prosecution of the suit. State ex rel. Yazoo & M. V. R. Co. v. Edrington, 11 Orleans App. 288; Augusta Sugar Co. v. Haley, 163 La. 814, 112 So. 731; Lips v. Royal Ins. Co. of Liverpool, England, supra.
In the Augusta Sugar Co. case it was held that the filing of an amended and supplemental petition six years before defendant moved for a dismissal of the action as having been abandoned, and plaintiff's successful resistance to defendant's three former efforts to dismiss the suit as abandoned did not constitute active steps by plaintiff in the prosecution of its suit so as to prevent its dismissal as having been abandoned by it.
In Sliman v. Araguel, 196 La. 859, 200 So. 280, plaintiff instituted suit against the defendant September 12, 1929, and it was assigned for trial and partially tried March 8, 1933, when it was continued for reassignment and for completion of trial. No further action was taken until June 20, 1940, when the case was placed on the call docket on motion of plaintiff's counsel, in order that it might be reassigned for completion of the trial. Shortly thereafter, counsel for the defendant moved for a dismissal of the suit under the provisions of LSA-C.C. Art. 3519. The testimony taken on the trial of the rule to dismiss shows that the case was continued by consent at the request of defendant's counsel, to enable defendant's counsel to prepare a statement of facts to be used in evidence in lieu of counsel for defendant testifying. Such action was held not to constitute a step in the prosecution of the case in view of the requirement that a step in such prosecution means something done in court toward the progress of the suit in court.
This is a matter, so far as the filing of a trial brief is concerned, of first impression. We acknowledge the persuasive force of defendants' arguments, so ably urged and advanced by analogy. The instant case is, in our opinion, readily distinguishable from the authorities relied upon by the defendants in that it can only be concluded, from the facts established in this record, that the filing by plaintiffs' counsel of their brief constituted an active, formal, requisite step in forwarding the progress of the suit and by thus submitting it to the court for decision. In the stipulation hereinabove quoted, approved by and incorporated in the order of the court, the case was submitted to the court for decision upon the filing of briefs on behalf of both plaintiffs and defendants. We are not, therefore, prepared *243 to say that the filing of plaintiffs' brief did not constitute a step in the prosecution of their case as it clearly appears, by the order of the court, that such filing was a prerequisite to the submission of the case to the court for decision.
Moreover, a question of primary importance, as appears to us, is the application, vel non, of the codal provision of LSA-C.C. Art. 3519, as quoted herein above, to the facts of this case, or whether plaintiffs are excused from its operation. Under the stipulation and order of the court, also heretofore referred to, the case, as stated, stood submitted to the court for decision, on the filing of briefs, within 20 days after the filing of the transcript of evidence by plaintiffs, and 20 days thereafter by the defendants. No point was made that plaintiffs did not file their brief within the delay allotted and, in the absence of any objection thereto, their failure in that regard is a matter of no importance. Their brief, however, was filed in ample time for defendants, had they complied with the order of the court, to have filed their brief within the time allotted to them after the filing of plaintiffs' brief and within the five-year period following the trial of the case. The stipulation and order of the court heretofore referred to leave no doubt that it was intended the case be submitted ipso facto to the court upon filing of briefs.
Nor do we think the filing of a brief by defendants constituted an essential prerequisite to a submission of the case to the court, since they filed no brief within the delay allotted for such filing. Plaintiffs, however, are not chargeable with or prejudiced by the inaction or the delays occasioned by the defendants. The filing of plaintiffs' brief and the lapse of time thereafter allotted to the defendants for the filing of their brief constituted, under the stipulation and order of the court, a submission of the case to the court for a decision on its merits.
In this connection, it may be pointed out that, had defendants' brief been filed within the period fixed by the court for its filing, the case would have been fully submitted for decision by all parties litigants four days before the expiration of the prescriptive period. By the filing of their briefs, and by such filing, a submission of the case on their part to the court for a decision of the case on its merits, plaintiffs pursued the only course and took the only step then available to them in the prosecution of their case to a final judgment. No other course was open, nor was any other step available to them by which they might have further pursued the prosecution of their case or forwarded its progress.
Where a case has been submitted to the court for decision, the statute relied upon by the defendant is inapplicable to either litigant. Pertinent is the expression of the Supreme Court in Barton v. Burbank, 138 La. 997, 71 So. 134, 135, wherein it was stated:
"* * * But, we are of opinion that, having submitted their case to the judge, they should not be held responsible for his delay in the discharge of his duty; the idea of the statute being merely to hold a plaintiff responsible for delay attributable to his nonaction in and failure to prosecute his suit up to the point at which the court is placed in a position to render judgment."
Nor does the statute create a conclusive legal presumption of an intention to abandon a suit so as to deprive a plaintiff from showing that his failure to prosecute his action was caused by circumstances beyond his control. Bell v. Staring, La.App., 170 So. 502, 503. In this connection, the court stated:
"This provision of the Code does not create a conclusive legal presumption of the intention of a plaintiff to abandon his suit by a failure to take any action therein for five years. Nor does it deprive the plaintiff from showing that the failure to prosecute the *244 suit was caused by circumstances beyond his control or by reason of a situation for which he is not responsible.
The failure to prosecute the suit must be attributable to the failure or neglect of the plaintiff to take some action in court whereby the case would be hastened to a final judgment. If, for instance, in the present case, the trial judge who took under advisement the motion to elect on February 17, 1930, had made no decision on that motion and had thus prevented plaintiffs from going forward with their suit for a period of more than five years, the delay would have been attributable to the judge and not to plaintiffs. Barton v. Burbank, 138 La. 997, 71 So. 134.
* * * * * *
"Coming now to a discussion of the kind of excuses offered for a failure to prosecute the suit that will exonerate plaintiff from the penalty of dismissal where he has taken no formal action in court for five years or more, we find that the reasons for this failure on his part to go forward with his case for five years must show a situation where it would be impossible for him to do so. Nor will it avail him to show that a situation has arisen outside of the record making it inadvisable for him to go forward with the case, unless this circumstance is embodied in an agreement placed in the record. See Lips v. Royal Ins. Co., supra."
The circumstances of the submission of the case on plaintiffs' part within the prescriptive period of five years, allowing the defendants, within that period of time, the maximum delay for the filing of their brief and the submission of the case on their part, is embodied in the stipulation and order of the court, heretofore referred to, as well as in the minutes of the court and stipulation entered into October 7, 1959.
In Zatarain v. Portera, La.App.1953, 63 So.2d 477, plaintiff's inaction and delay were held excused by matters beyond his control where there was no voluntary, active or intentional abandonment of his suit in the contemplation of the statute. Plaintiff's inaction in that case was due to his induction into the military service and to the effect of the Soldiers' and Sailors' Civil Review Act of 1940, 50 U.S.C.A.Appendix, § 501 et seq.
While the delays occasioned by plaintiffs prior to the filing of their brief and their submission of the case to the court are considerable, they did, prior to the expiration of the prescriptive period, take formal, active, and positive action in furthering the progress of their suit and in submitting it to the trial court for decision. Such is a timely compliance with the statute and prevents the dismissal of their action for the reason of abandonment.
We conclude, therefore, that the filing of their briefs under the facts and circumstances as disclosed by this record constituted a step in the prosecution of their action within the contemplation of the statute. Moreover, the plaintiffs, having filed their brief and submitted their case to the court for decision within the prescriptive period, are not chargeable for additional time or delay occasioned by the defendants in failing to file their briefs or occasioned by the court in making a decision. The statute, under these circumstances, is without application and the plaintiffs are excused from the effects of its operation.
The judgment appealed is, therefore, annulled, avoided, reversed and set aside, and
It is now ordered, adjudged and decreed that the motion to dismiss be and the same is hereby overruled; and
It is further ordered that the case be remanded to the Honorable, the Sixth Judicial District Court in and for the Parish of East Carroll, Louisiana, for further *245 proceedings in accordance with law and consistent with the views herein expressed.
The defendants are cast with the cost of this appeal; the assessment of all other costs is to await final determination of the case.
Reversed and remanded.