TUCKER, Judge.
On June 7, 1962, Mr. and Mrs. Hayward Bryant, Sr. filed suit for the wrongful death of their twenty-two year old son, Hayward Bryant, Jr., who drowned when the automobile he was operating plunged through the open Valentine pontoon bridge into Bayou Lafourche. They asked also *682 for funeral expenses and for the loss of support of their son.
Percy Smith, who was a passenger in young Bryant’s automobile at the time of the fatal plunge on August 4, 1961, sued for personal injuries. Suit was brought against the Lafourche Parish Police Jury, and its insurer, the Travelers Insurance Company. Plaintiffs alleged that there were no signs, signals, barricades, or other safety devices whatsoever on the evening of the accident to warn motorists that the pontoon bridge was open.
This case was tried before Judge Louis Watkins on June 17 and 18, 1964, and again on June 25, 1965. A minute entry of the court dated June 25, 1965, reads as follows :
“Whereupon, the Court granted counsel for plaintiff until August 30th, 1965 within which to submit .their brief to the court. Thereafter counsel for defendants will be granted ten days within which to submit their brief. The Court will then take the matter under advisement.”
No other action transpired in this case until October 30, 1970, when plaintiff-ap-pellees submitted a brief. On March 2, 1972, plaintiff-appellees filed a motion for a rule stating that the case had been tried and submitted to the Court on June 25, 1965, that the record had disappeared, that plaintiffs had filed a brief on October 30, 1970, and asking defendants to show cause why they should not file a brief. Defendants answered the rule to show cause on April 13, 1972, denying that the case had been submitted, and asking that it be dismissed as abandoned for five years’ lack of prosecution. On April 13, 1972, a rule was heard before Judge Remy Chiasson in the seventeenth Judicial District Court to determine whether or not this case should be considered abandoned. After hearing the legal arguments and testimony of several witnesses for plaintiff-appellees, he ruled that the case had been submitted to the Court in 1965, and that therefore, the provisions of C.C.P. Article 561 were inapplicable. Judge Chiasson did not give any oral or written reasons for his determination that the case had been submitted. He ordered defendants to file a brief, which they did and the Court rendered a judgment on September 6, 1972, awarding Mr. and Mrs. Bryant each Twelve Thousand, Five Hundred and . no/100 ($12,500.00) Dollars; and Percy Smith, a sum of One Thousand Eighty-six and 16/100 ($1,086.-16) Dollars.
Defendants have appealed both on procedural grounds and on the merits.
Under the authority of both C.C. Art. 3519 and C.C.P. Art. 561 the instant suit is hereby declared abandoned for lack of prosecution for five years.
C.C.P. Article 561 states, in part, as follows :
“An action is abandoned when the parties fail to take any steps in its prosecution or defense in the trial court for a period of five years. This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment

This provision cannot be waived, and there are no extenuating circumstances, provided that the case has not been submitted. In a similar case which was heard en banc by this same court, with Judge Landry as the organ of the court, the following opinion distinguishes the instances in which the rule of abandonment applies and those in which the rule does not apply, to-wit:
“Able counsel for plaintiff maintains there should be no dismissal herein because the case was under submission to the trial court consequently there were no further steps plaintiff could take in the prosecution of his action until a decision was forthcoming. In this regard *683 counsel correctly maintains the jurisprudence is established to the effect that where a case has been submitted for de-cisión the statute relating to abandonment of actions is inapplicable to either litigant. See Barton v. Burbank, 138 La. 997, 71 So. 134; Sanders v. Luke, La. App., 92 So.2d 156; Landry v. Dore, La.App., 149 So. 321; Washington v. Harvey, La.App., 124 So.2d 240.

“Unfortunately for plaintiff, however, the record discloses the instant matter was not submitted to the trial court for decision. Where by order of court the filing of briefs is made a prerequisite to submission of the case for decision, the filing of a brief constitutes a formal step in the prosecution of the suit and negates the conclusion of abandonment. Washington v. Harvey, La.App., 124 So. 2d 240. And where the order of court as contained in the minutes indicates an intention that the case will be considered ipso facto submitted upon the filing of briefs, such filing constitutes submission of the case, following which the five-year period ceases to run. Gauthreaux v. Southern Six Drilling Co., La.App., 130 So.2d 759.
“In the case at bar the minutes of the trial court show on their face that the filing of briefs was a prerequisite to submission of the matter for decision. Under such circumstances, until briefs were filed, the court had nothing before it. The resulting prolonged delay, therefore, is not attributable to the district court but rather to the litigants themselves, neither of whom filed a brief in compliance with the court’s order. Under such circumstances the instant case does not fall within the exceptions announced in Barton v. Burbank, supra, Landry v. Dore, supra, and the other authorities cited and relied upon by counsel for plaintiff.” (LeBlanc v. Thibodaux, 162 So.2d 753 (La.App. 1st cir. 1964).”
There was no action of any kind in this case from the time of its trial in court on June 25, 1965, until plaintiff filed a brief on October 30, 1970, more than five years later. The Minute Entry quoted above shows that the case had not been submitted, and that it would not be considered submitted until the briefs of both counsels had been filed. Regardless of subsequent action to revive this suit, it had already been abandoned on June 25, 1970.
We are most sympathetic with the problems counsel experienced by the illness of the trial judge and by the alleged disappearance of the record, but these circumstances did not prevent counsel at some time in the five years succeeding the trial of this case from asking for a continuance, asking for a transfer to another division of court, or from filing other pleadings in order to avert the abandonment.
Accordingly it is ordered adjudged, and decreed, that the judgment of the trial court in favor of Mr. and Mrs. Hayward Bryant, Sr., and Percy Smith, against the Lafourche Parish Police Jury and the Travelers Insurance Company, be and the same is hereby annulled, reversed, and set aside.
It is further ordered, adjudged, and decreed that there be judgment herein in favor of the Lafourche Parish Police Jury and the Travelers Insurance Company and against plaintiffs, Mr. and Mrs. Hayward Bryant, Sr., and Percy Smith, declaring plaintiffs’ demands abandoned for lack of prosecution and dismissing and rejecting plaintiffs’ demands herein without prejudice. All costs of suit are to be borne by plaintiffs-appellees.
Reversed and rendered. .
SUPPLEMENTAL OPINION
Before LANDRY, TUCKER and PICKETT, JJ.
*684 PER CURIAM.
It appearing to the Court, and by stipulation of all parties litigant, that through inadvertence and oversight the name of Whitney Roger, a defendant in the cause, was omitted from the judgment;
It is ordered that the judgment rendered herein on March 19, 1973, he amended to the extent that the suit be dismissed insofar as the defendant Whitney Roger is concerned. In all other respects our judgment is to remain unchanged and without alteration.
Before LANDRY, TUCKER and PICKETT, JJ.
PER CURIAM.
The plaintiffs have moved for a rehearing on the ground that our decision, in reversing the judgment of the trial court for the reason that the parties had failed to take any steps in the prosecution or defense of the action in the trial court for more than five years, is erroneous, initially, because the rules of the trial court provide that a case is submitted and is taken under advisement by the judge, when the case is completed without regard to the filing of briefs, secondly because the trial judge considered the case under submission whether or not the briefs were filed, and, thirdly, that, if the trial judge did not take the case under advisement after all the evidence was introduced and the case completed, he was acting contrarily to the rules of court, and the rules would take precedence over the minute entry of the trial court.
Pretermitting any discussion of what the rule in question says and means, and whether or not such rule would take precedence over a minute entry with which it is in conflict, we are faced with the plain and simple fact that the rules alluded to in the application did not form a part of the record, and courts are obliged to decide cases only on those matters and things which are incorporated into the record.
It is well settled that appellate courts are without authority to take judicial notice of the rules of a district court. Scirotino v. Scirotino, 250 La. 727, 198 So.2d 905 (1967); Trahan v. Petroleum Casualty Company, 250 La. 949, 200 So.2d 6 (1967), Although a copy of the trial court’s rules are attached to the application for a rehearing, the record does not reflect that these rules were offered in evidence, and, therefore, the rules are insusceptible of our consideration.
We find ourselves in complete disagreement with movers’ interpretation of the proper meaning to be accorded to the trial court’s minute entry of June 25, 1965. After fixing the time spans granted for the filing of briefs by the respective parties, the last sentence of the minute entry reads “The Court will then take the matter under advisement.” This language clearly denotes that the case would not be submitted and taken under advisement until the briefs were filed.
Under these circumstances the jurisprudence universally applies the ( principles enunciated in LSA-C.C. Art. 561 which has the immediate result here of the dismissal of plaintiffs’ suit for a failure to prosecute for five years.
Assuming arguendo that the introduction of the rules of the court a quo would have resulted perhaps in a different decision with respect to whether or not plaintiffs had abandoned their suit, we cannot envision any cogent or legal reason for considering evidence which was not a part of the record before us on appeal. To do so would delay interminably the timely and orderly disposition of litigation.
For these reasons our original opinion is reinstated, and the application for a rehearing is refused.
Rehearing refused.