FRUGÉ, Judge.
This is the companion suit of Gauthreaux, v. Southern Six Drilling Co., Inc., et al., 130 So.2d 762. These suits arose from the same facts and circumstances and were consolidated for trial. Both suits were filed in forma pauperis.
These suits are before us on appeal from a judgment dismissing them for lack of prosecution for five years under LSA-C.C. Article 3519. The suit of Gauthreaux v. Southern Six Drilling Co., Inc. was filed June 1, 1953 and that of Emma Neely Gauthreaux v. Southern Six Drilling Co., Inc. was filed December 31, 1953, and were consolidated for purposes of trial. The cases were fixed for trial on June 7, 1955, and tried on the same date. The minutes of the court for June 7, 1955 read: “These cases having been regularly fixed for trial for this date, and having been consolidated for trial only. Taken up tried and to be hereinafter submitted on memorandums of authority under the rule.” On June 28, 1955, attorney for defendants wrote the trial judge in part as follows:
“Upon the conclusion of the trial of these cases it was our understanding that authorities on behalf of the plaintiffs would be submitted without delay. At this writing we have received no notice that our understanding has been complied with by the Attorneys for the plaintiffs.
“We regret that we are unable to find any authorities, that is any decisions, which we think would be helpful to the court in arriving at a decision in these suits. * * *
“ * * * The evidence given on behalf of each of the plaintiffs is in *760 hopeless conflict and it is respectfully submitted that neither of the plaintiffs have sustained the burden of dependency.”
On September 6, 1955 attorney for plaintiff, Amos Gauthreaux, submitted his memorandum of authorities to the trial court and to the other counsel. In that letter he stated that “You indicated that you desired decisions and did not care for any argument on the facts, hence the latter has been omitted.” On October 12, 1955, attorney for the plaintiff, Emma Neely Gauthreaux, wrote the lower court advising that he wished to submit the case for decision based on the testimony adduced at the trial and that he would not file a brief in the matter. On November 29, 1955; June 15, 1956; September 4, 1956; March 1, 1957; and October 2, 1957 the attorney for plaintiff, Amos Gauthreaux, wrote the lower court to the effect that he desired a decision at the court’s earliest convenience. On February 4, 1958, the trial judge wrote the three attorneys involved herein to the effect that no evidence had been found in the record and questioned whether it was the desire of the attorneys to submit the records as they stood (without the note of evidence) for determination, or whether or not they intended that the record contain a note of evidence. In that letter he further stated that the court reporter at the time of the trial was no longer the court reporter. He continued:
“However there is a bond for the faithful performance of his [the court reporter’s] duties, and if a note of evidence was taken in these cases, please advise and I will inform the then court reporter to prepare the record if he has not done so. It is possible, however, that the note of evidence, may be in the office of one of the attorneys from the time of the preparation of the note. If you have submitted briefs in this matter, I would appreciate your submitting the copies of these briefs as it is the'policy in this division not to receive briefs before the matter is submitted to the Court for determination, and in that instance we would have- no folder in which to file your briefs.” (Emphasis added.)
On February 21, 1958, attorney for the defendants wrote the trial judge, inter alia, that:
“Under no circumstances would we agree to the submission of these cases without the transcript of testimony being filed in the record. Of course, this is for the obvious reason that in the event of an adverse ruling in either or both cases, we would not be able to take an appeal. We realize the difficulties in getting this testimony transcribed at this time in view of the fact that the court reporter is no longer in the employ of the Court.”
There was no response, either by correspondence or formal motion before the court, on the part of the attorneys for either plaintiffs. On June 17, 1960, the minutes of the court show that it was moved to fix the cases for trial for October 24, 1960, and that the motion was granted. On October 24, 1960, the cases, having been fixed for that date, were taken up and tried and continued until October 25, 1960 at which time the motion to dismiss was filed, taken up, argued and submitted, and sustained with written reasons for the ruling. The plaintiffs have appealed from the judgment of the trial judge sustaining the motion to dismiss for failure to prosecute as aforesaid.
Plaintiffs maintain that the trial court erred in failing to hold that the matter had been submitted per the minutes of June 7, 1955 and that the prescription was suspended until the attorney for plaintiff was notified that the case would have to be retried in the absence of agreement by counsel for all parties that the matter could be decided without the note of evidence; in failing to hold that the submission on September 6, 1955 (and on October 12, 1955) of memoranda of authority by counsel for plaintiffs were steps in the prosecution,.t *761 of the case and in failing to hold that the fixing of the case for trial oh June 17, 1960 was a step in the prosecution of the case thereby interrupting prescription; and in holding that plaintiff had failed to prosecute the suit for more than five years. The defendant contends that the plaintiffs have allowed more than five years to elapse since the filing of the suits without active steps having been taken; that the trial court had found as a matter of fact that the instant cases were never submitted to the court for decision as evidenced by the minutes of the court and the fact that the defendant refused to submit the cases without filing of the transcript of the testimony.
The defendant relies upon the case of Landry v. Dore, La.App., 149 So. 321, 322. The case is readily distinguishable from that at bar since in the Landry case the last thing done and the last minute entry in which anything was said about the case was to add the name of another attorney to assist in the defense of the case. Moreover, the minute entry had the notation that the note of evidence was closed and the “case to be submitted when evidence is transcribed.’1 The evidence was never transcribed and therefore, according to the minute entry, the case was never submitted. There it was held that it was the duty of the plaintiff to prosecute the case by taking steps looking to that end. The court stated that
“His legal duty persisted in that respect until that of the Judge attached as a result of a submission. If the clerk was neglectful in the manner of transcribing the shorthand notes and filing the evidence, he should have invoked the power of the court to compel him to act.”
In the case at bar the case was to be submitted on memoranda of authority under the rule. The evidence discloses that briefs were submitted, the last one being of the date October 12, 1955 in compliance with the minute entry.
In the case of Washington v. Harvey, La.App., 124 So.2d 240, 242, it was stated that:
“In the stipulation hereinabove quoted, approved by and incorporated in the order of the court, the case was submitted to the court for decision upon the filing of briefs on behalf of both plaintiffs and defendants. We are not, therefore, prepared to say that the filing of plaintiffs’ brief did not constitute a step in the prosecution of their case as it clearly appears, by the order of the court, that such filing was a prerequisite to the submission of the case to the court for decision.”
In the case at bar the minute entry of June 7, 1955 leaves no doubt that it was intended that the cases would be submitted ipso facto to the court upon the filing of briefs.
Since we have found that the case was submitted upon compliance with the minute entry by submitting the case on briefs it is of no moment that the court reporter failed to perform his duties. As far as the plaintiffs knew, the case had been submitted and it was not until the letter of February, 1958 by the trial judge, informing them that the record had not been transcribed, that the plaintiffs had notice of that fact. The defense refused to enter into a stipulation of fact and therefore, the plaintiffs had no alternative but to re-try the case. On June 17, 1960, as evidenced by the minute entry of that date, it was moved to fix the cases for trial for October 24, 1960. This was such a step, within the five year period, as to further remove the case from the purview of LSA-C.C. Art. 3519. See Schutzman v. Dobrowolski et al., 191 La. 791, 186 So. 338, 340, wherein it was said, in reference to a motion to set the case for trial as evidenced by a minute entry, that “This was clearly an active step in the prosecution of the case, taken within five years after the answer to the merits had been filed *762 by defendants * * * ”. Therefore, we find that LSA-C.C. Art. 3519 was improperly invoked in this case.
For the foregoing reasons the judgment appealed from is reversed at defendants-appellees’ costs. The case is remanded for proceedings in accordance with law and not inconsistent with the views herein expressed.
Reversed and remanded.
On Application for Rehearing.
En Banc. Rehearing denied.