154 So.2d 617 (1963)
Vera TOOLEY, divorced wife of Ronald J. PENNISON
v.
PROVIDENT LIFE AND ACCIDENT INSURANCE CO., LeRoy E. Neesley and Roman Catholic Sisters of Mercy.
No. 1015.
Court of Appeal of Louisiana, Fourth Circuit.
June 4, 1963.
Rehearing Denied July 1, 1963.
Meunier, Martin & Meunier, Richard J. Meunier, New Orleans, for plaintiff-appellant.
Porteous & Johnson, William A. Porteous, Jr., Benjamin C. Toledano, William A. Porteous, III, New Orleans, for defendants-appellees, Provident Life and Accident Ins. Co. and LeRoy E. Neesley.
Lemle & Kelleher, Carl J. Schumacher, Jr., New Orleans, Paul E. Hurley, for defendants-appellees, Roman Catholic Sisters of Mercy and Ins. Co. of North America.
*618 Henican, James & Cleveland, C. Ellis Henican, C. Ellis Henican, Jr., New Orleans, for defendant-appellee, Julia G. Ahern.
Before McBRIDE, YARRUT and CHASEZ, JJ.
YARRUT, Judge.
Plaintiff appeals from a judgment maintaining Defendants' exceptions of no right or cause of action, and the dismissal of her suit. Hence, the allegations of Plaintiff's petitions, original and supplemental, together with the record of the court proceedings alleged therein, must be accepted as true.
Defendants are the Provident Life and Accident Company, hereafter called Provident; LeRoy E. Neesley, its agent, hereafter called Neesley; the Roman Catholic Sisters of Mercy, operating the Mercy Hospital, hereafter called the Sisters; the Insurance Company of North America, the Sisters' insurer; and Julia Ahern, the Sisters' Record Clerk at Mercy Hospital.
The basis of Plaintiff's claim for $75,000.00 is that Defendants violated her right of privacy, and knowingly aided and abetted her husband to obtain a divorce against her by disclosing her medical record at Mercy Hospital, notwithstanding such record represented confidential communications between physician and patient, and hospital and patient.
The record was furnished during the marriage at the request of the husband, and while the spouses were voluntarily living separate and apart.
The divorce record, referred to in Plaintiff's petition, and now in this Court on appeal pending hearing, shows that Plaintiff's suit for a separation was dismissed, and that the husband obtained a divorce against Plaintiff on the ground of adultery on his reconventional demand; and that the Hospital record was produced under a subpoena duces tecum.
Considerable argument is made concerning whether or not communications between doctor and patient, and hospital and patient, enjoy an absolute or qualified privilege in Louisiana in comparison to the lawyer-client privilege, which is inviolate, both judicially or extra-judicially, without the consent of the client.
Whatever privilege a patient may have regarding communications with his doctor or hospital, once a patient institutes a suit, in the prosecution or defense of which such communications or records are necessary and relevant, no privilege exists, in which event such records are admissible, or the doctor may be ordered to appear and testify under proper subpoena. Shepard v. Whitney Nat. Bank of New Orleans, La. App., 177 So. 825; Morgan v. American Bitumuls Co., La.App., 39 So.2d 139, aff. 217 La. 968, 47 So.2d 739.
Plaintiff cites the case of Savin v. Savin, 218 La. 754, 51 So.2d 41, which was a suit for divorce by the husband against the wife on the charge of adultery, in which the district court, upon objection of the wife, refused to permit her doctor to testify about her physical condition, on the ground it was privileged. The husband's suit was dismissed. On appeal the Supreme Court noted the rejection of the wife's doctor as a witness, but did not comment on the question of whether such rejection was correct. The Court reversed the judgment in favor of the wife and remanded the case for further trial.
Regarding the out-of-court disclosure, the husband, during the marriage, has a right to a full report from his wife's doctor. He is head and master of the community and responsible for its debts. Further, if the disclosure by Defendants was premature, such prematurity caused no damage since the husband, in the preparation of his reconventional demand, or in defense of her suit, could have and did obtain the hospital record under proper judicial procedure. Since the husband had the right of inspection of such record, he *619 had the right to authorize anyone acting for him to examine it.
Under the allegations of Plaintiff's petition and the divorce proceedings referred to therein, now lodged in this Court on appeal, of which we can take judicial notice, Plaintiff has failed to allege a cause of action for damages resulting from the alleged violation of any right of privacy, or violation of any privileged communication, because:
1. The husband had a right to the hospital record, and the right to authorize its disclosure to others; and,
2. The wife's separation suit opened the door to its admissibility and inspection.
For the above and foregoing reasons, the judgment of the District Court is affirmed; Plaintiff to pay costs in both courts.
Affirmed.