HALL, Judge.
This matter bearing out docket No. 3544 (Civil District Court docket No. 335-257) is a suit by R. L. Reed, Jr., d/b/a Reed Hardware Company v. T. A. Pittman and A. E. Pittman, d/b/a Pittman Construction Company, Continental Casualty Company and Housing Authority of New Orleans. By order rendered January 6, 1956 this matter was consolidated for trial with our docket No. 3527 (No. 338-357 of the docket of the Civil District Court) entitled “Pittman Construction Company v. Houston Fire & Casualty Insurance Company” and the appeals from the two suits were consolidated for hearing in this Court.
This matter involves an appeal by Robert L. Reed, Jr., plaintiff in suit, from a judgment rendered June 5, 1968 in favor of T. A. Pittman and A. E. Pittman, d/b/a Pittman Construction Company, defendants in suit, dismissing plaintiff’s suit under the provisions of LSA-C.C.P. Art. 561 for failure of the parties to take any steps in its prosecution or defense for a period of five years.
An examination of the record in this case reveals that’ suit was filed on December 31, 1954 and an answer and reconven-tional demand was filed on May 26, 1955, exhibits were filed on May 27, 1955, a motion to consolidate was filed on October 23, 1956, but no further action was taken toward the prosecution or defense of this case until April 16, 1962.
On the face of the record it appears that more than five years has elapsed since the last action was taken herein.
However appellant, Reed, has filed a Motion to Remand this case in order to complete the record. In his Motion to Remand he calls our attention to the fact that the motion to consolidate filed on October 23, 1956 consolidated this action with another action entitled “Pittman Construction Company v. The Housing Authority of New Orleans,” No. 341-819 of the docket of the Civil District Court and prays that this cause be remanded “to include at least pertinent portions of the latter case.”
We feel obliged to digress here for a moment to correct certain erroneous statements in appellant’s Motion to Remand. He states therein:
“When this matter was previously posted for hearing, this counsel called to the court’s attention that the cases consolidated with #335-257 had not been made a part of this record, nor had the complete record been sent to this court.
“The record was remander (sic) to the Clerk of the Civil District Court who then prepared and included a case in which this appellant is not a party i.e. Pittman Construction Company vs. Houston Fire and Casualty Company herein numbered 3527 and docketed in the court below as #338,357.”
Counsel has evidently confused this case with some other matter. The facts are that this matter has never been “previously posted for hearing.” Counsel’s Motion to Remand which was filed only six days before the argument and submission of this case is the only Motion to Remand he has ever filed herein. This cause has never been remanded and the Clerk of the Civil District Court has never been called upon to complete the record. Moreover we note that R. L. Reed, Jr. was made a third-party defendant in our No. 3527 (Civil District Court No. 338-357) entitled “Pittman Construction Company vs. Houston Fire & Casualty Insurance Company.”
Returning to the case at hand we find that the District Judge in conformity with 1956, rendered and signed an order on Oc-the motion to consolidate dated October 23, tober 24, 1956 consolidating for trial: this case (District Court No. 335-257, our No. 3544) and District Court No. 338-357 (our No. 3527) which had previously been consolidated with each other, with a third suit entitled “Pittman Construction Company *102 vs. The Housing Authority of New Orleans” being No. 341-819 of the docket of the Civil District Court.
The record in this case (our No. 3544) and the record in our No. 3527 entitled “Pittman Construction Company vs. Houston Fire & Casualty Insurance Company” are before us but no part of the record of the third consolidated case is before us.
The Motion to Remand and the appeal in this case were argued and submitted together.
Appellant states in his Motion to Remand and also in his brief on appeal that certain pleadings pertinent to this cause were filed by him in the record of the third consolidated case, particularly a pleading filed by him on October 10, 1958 and contends that if this pleading were before us it would show action taken by him in the prosecution of this case within the five year period prior to April 16, 1962 on which date he filed in the record before us a motion to place this case on the call docket for trial. In other words he contends that the pleading filed in the third consolidated case would show that five years has not elapsed without steps having been taken by him in the prosecution of this case.
While we are aware of the decisions in Darouse v. Mamon, La.App., 201 So.2d 362; Stephney v. Robertson, La.App., 219 So.2d 9; and Voth v. American Home Assurance Company, La.App., 219 So.2d 236, holding that ordinarily consolidation of cases for trial is a procedural convenience and ordinarily does not merge the actions, we are not prepared at this time for lack of sufficient information to determine the applicability of the cited cases.
We are of the opinion that the interests of justice would best be served by having the pleading of October 10, 1958 referred to in appellant’s Motion to Remand before us prior to reaching a decision on this appeal.
For the foregoing reasons, It is ordered that Robert L. Reed, Jr., appellant herein, be and he is hereby authorized and directed to obtain and file in this Court, as a supplement to the record on appeal in this case, a certified copy of the pleading referred to in his Motion to Remand as being filed by him on October 10, 1958 in the proceedings bearing docket No. 341— 819 of the Civil District Court for the Parish of Orleans entitled “Pittman Construction Company versus The Housing Authority of New Orleans,” together with a certified copy of the Court’s Ruling on such pleading rendered on November 19, 1958. Certified copies of such pleading and ruling shall be. filed in this Court not later than the 15th day following the date of rendition of this order and following the timely filing thereof it is ordered that this appeal in due course be posted for argument de novo.
Transcript ordered supplemented.