HALL, Judge.
This is an appeal by plaintiff from a judgment dismissing his suit under the provisions of LSA-C.C.P. Art. 561 for failure of the parties to take any steps in the prosecution or defense thereof for a period of five years.
Plaintiff filed suit on December 31, 1954 against Pittman Construction Company, its surety, Continental Casualty Company and the Housing Authority of New Orleans in which he prayed for judgment in the sum of $30,005.01 balance allegedly due him in connection with a subcontract entered into by him with Pittman Construction Company for the performance of certain painting and other work on the Desire Street Housing Project which Pittman Construction Company, as prime contractor, had undertaken to construct for the Housing Authority of New Orleans, as owner. Pittman Construction Company and its surety filed an answer and coupled with it a reconven-tional demand against plaintiff in the sum of $9,973.77 for plaintiff’s alleged failure to complete the subcontract properly.
This suit bears the No. 335-257 of the Docket of the Civil District Court for the Parish of Orleans. On the face of this numbered record it appears that a period of more than five years elapsed without any action being taken in its prosecution or defense, being the period from October 23, 1956 to April 16,1962.
Plaintiff however contends that the running of the five year “prescription” was interrupted by a certain pleading filed by him on October 28, 1958 in the record of another case with which this case had been consolidated and filed a motion to supplement the record herein by the inclusion of that pleading.
This same appeal together with plaintiff’s motion to supplement the record was argued before us on April 30, 1969 and resulted in an order by this Court authorizing and directing plaintiff to supplement the record on appeal by filing a certified copy of the pleading filed by him on October 10, 1958, in the consolidated matter bearing Docket No. 341-819 of the Civil District Court and ordering that upon the timely filing thereof this matter be posted for hearing de novo. (See our opinion and order reported in 224 So.2d 100 where the procedural facts in this somewhat complicated matter are set forth.)
The record has now been supplemented and the appeal has been argued and submitted de novo.
The record in the instant case [C.D.C. No. 335-257] reveals that on October 23, 1956 the defendants, Pittman Construction Company and its surety, filed a motion to consolidate this case with a suit bearing No. 341-819 of the Docket of the Civil District Court entitled “Pittman Construction Company vs. The Housing Authority of New Orleans” which had previously been consolidated with a suit bearing the Docket No. 338-357 with which we have no present interest. In their motion these defendants averred that the Pittman suit against the Housing Authority [C.D.C. No. 314 — 819] arises out of the prime contract between Pittman Construction Company, as prime contractor, and the Housing Authority, as owner, for the construction of the Desire Street Housing Project and involves issues of law and fact “which embrace, and are related to, issues involved in this suit” and “that it is necessary that R. L. Reed, Jr., d/b/a Reed Hardware Company [plaintiff in this suit No. 335-257] which had a subcontract with Pittman Construction Company for part of the work covered by the prime contract * * be made parties to said main suit by way of third-party petition * * *” (emphasis supplied)
The order attached to this motion reads as follows:
“Ordered that this captioned suit and the suit [No. 338-357 with which we have no *457 present interest] be and they are hereby transferred to Division ‘F’ of this Court, there to be consolidated with and tried with the suit captioned ‘Pittman Construction Company versus The Housing Authority of New Orleans’ and numbered 341-819.”
This order was signed by the Judge of Division “E” and approved by the Judge of Division “F” on October 24, 1956.
The pleading which plaintiff, Reed, relies on to show that five years had not elapsed without steps having been taken by him in the prosecution of this suit (No. 335-257) is a pleading filed by him in the Pittman suit against the Housing Authority [No. 341-819] on October 10, 1958. This pleading is before us as a result of our order reported in 224 So.2d 100.
This pleading does not appear to have been filed by Reed as a result of the order of October 24, 1956 consolidating the two suits. It was not filed until two years later and is not an intervention or third-party petition but is an answer filed by Reed “as third-party litigant” to certain claims made against him by Pittman Construction Company in the suit No. 341-819.
However in Paragraph XVIII of this pleading Reed alleges that the sum of $30,005.01 is due him under his subcontract with Pittman Construction Company and avers that he reserves the right to this claim “* * * which is asserted herein only if it be held that said rights must be determined in this case, otherwise reserving the right to have the cause determined separately and distinctly from the above entitled and numbered cause * * *”
The prayer attached to this pleading reads in part as follows:
“WHEREFORE, THIRD PARTY APPEARER, R. L. REED, JR. PRAYS:
“That the response herein be deemed sufficient in law that all rights of respondent be reserved to be determined in separate litigation, or alternatively and only in the event it should be deemed that rights of third party appearer be adjudicated therein, then and only then does third party appearer demands judgment jointly and in solido against Pittman Construction Company, and the Housing Authority of New Orleans, in the sum of $30,005.01, plus interest from due date until paid, plus penalties, costs, attorney fees and damages, and that judgment be rendered dismissing all claims against them.”
There is a handwritten notation on the bottom of this pleading reading as follows: “Reconventional demand dismissed as of non-suit with reservation of all rights. Nov. 19, 1958.” The notation is neither signed nor initialed and we are informed by counsel that no reference thereto appears on the minutes of the Trial Court. However by reference to our opinion in Pittman Construction Company v. Housing Authority of New Orleans, La.App., 169 So.2d 122 which was an appeal from the judgment rendered in C.D.C. 341-819 it does not appear that any judgment was rendered by the Trial Court on Reed’s re-conventional demand.
On April 16, 1962 Reed filed a motion in the instant record No. 335-257 to place same on the call docket for fixing and trial on the merits.
The question presented is whether the pleading of October 10, 1958 filed by Reed in the Pittman suit No. 341-819 had the effect of interrupting the running of the five year “prescription” in this suit, No. 335— 257.
in Darouse v. Mamon, La.App., 201 So.2d 362 it was held that consolidation of actions is merely a procedural convenience designed to avoid a multiplicity of actions, and in Voth v. American Home Assurance *458 Company, La.App., 219 So.2d 236 it was said:
“The consolidation of cases (C.C.P. Art. 1561) for trial is a procedural convenience and does not merge the actions unless the records clearly reflect an intention to do so * * * ”
Although the motion to consolidate filed by the defendants, Pittman Construction Company and its surety on October 23, 1956 suggested that Reed be made a party to the Pittman suit No. 341-819 “by way of third-party petition” the order rendered thereon on October 24, 1956 simply consolidated the suits for trial. It did not “merge the actions” nor “clearly reflect an intention to do so.” The order did not require Reed to file a third-party petition or to take any other action in No. 314 — 819 and as a matter of fact he took no action therein until two years later when he was required to answer claims made against him in that suit.
Since he had already asserted his demand in this suit No. 335-257 the recon-ventional demand filed by him in No. 314— 819 was entirely unnecessary and served no purpose. It was merely a repetition of the demand made by him in his petition in the instant suit No. 335-257, and cannot be said to be a step taken in the prosecution thereof. It was no more a step taken in its prosecution than if he had filed a second copy of his petition in the record of this suit No. 335-257.
Nothing prevented Reed from taking steps in this suit No. 335-257 to keep it from “prescribing” under the provisions of LSA-C.C.P. Art. 561, and in our opinion the answer and reconventional demand which he filed in the record of another suit which was simply consolidated herewith for trial was not a step in the prosecution of the instant suit.
For the foregoing reasons the judgment appealed from is affirmed; costs of this appeal to be borne by plaintiff-appellant.
Affirmed.