242 So.2d 554

**R. L. REED, Jr., d/b/a Reed Hardware Company, Plaintiff-Appellant-Relator,**

**v.**

**T. A. PITTMAN and A. E. Pittman, d/b/a Pittman Construction Company and Continental Casualty Company, Defendants-Appellees-Respondents.**

**No. 50389.**

Dec. 14, 1970.

Rehearing Denied Jan. 18, 1971.

Mike E. Culligan, New Orleans, for plaintiff-appellant.

Arthur C. Reuter, New Orleans, for defendants-appellees.

TATE, Justice.

Both the trial court and the court of appeal[1] dismissed this suit as abandoned by the plaintiff because of his failure to take any step in its prosecution during a period of five years. La. CCP Art. 561. The case is before us on certiorari. 255 La. 553, 232 So.2d 76 (1970).

The sole issue is whether the five-year period was interrupted by steps taken during this interval by the plaintiff in *another* action, with which the present suit was consolidated.

The present suit arises out of a large construction contract entered into between the defendant Pittman, a general contractor, and the Housing Authority of New Orleans (HANO). The plaintiff Reed entered into a subcontract with Pittman to furnish glass and glazing and all painting on the low-rent housing project to be constructed.

Reed filed the present suit to recover $30,005.01 for monies allegedly due him by Pittman on the subcontract.

This suit was filed on December 23, 1954. In 1956, it was consolidated with a related suit. After proceedings in the related suit, to be described below, the plaintiff moved to set the present case for trial on April 16, 1962. After several continuances, in 1968 the defendant Pittman filed a rule to show cause why this proceeding should not be dismissed as abandoned because no action had been taken in *it* from 1956 to 1962, a period exceeding five years.

Both the trial court and the court of appeal sustained this position of the defendants and dismissed the suit. They rejected the contention of the plaintiff that his numerous appearances and pleadings during the years 1956 through 1962 in the consolidated suit relating to this claim should be held to have interrupted the five-year period.

At this time it is appropriate to describe the relationship of the present suit to the related suit.

On October 23, 1956, by ex parte motion the Pittman defendants secured an order to consolidate the present suit (Suit One) with the related case (Suit Two).[2] (This 1956 motion and order is the last pleading in the present suit until the motion for

1. Reed v. Pittman, 229 So.2d 455 (La. App. 4th Cir. 1969) ; see also 224 So.2d 100 (interlocutory opinion) (La.App. 4th Cir., 1969).

2. The present suit bears Docket No. 335–257 of the Civil District Court for the Parish of Orleans. See also footnote 1

for prior appellate citations. "Suit Two" bears Docket No. 341–819 of said court and is captioned as "Pittman Construction Company v. Housing Authority of New Orleans." See also footnote 3 for appellate citations of this other action. These suits were consolidated with yet a third

trial of 1962.) The present (Suit One) was filed in Division "E" of the trial court, while the other (Suit Two) was filed in Division "F" thereof.

In its motion to consolidate, the defendant Pittman made certain pertinent allegations in this pleading in this suit. Pittman alleged that Suit Two involved issues of law and fact which embraced and were related to the issues of the present proceeding (Suit One). The motion further alleged that it was necessary to make Reed a third-party defendant in Suit Two, so that the ends of justice would be served by the consolidation of the present suit with Suit Two.

The trial judge of Division "E" thereupon ordered the present suit transferred to Division "F", "there to be consolidated and tried with" Suit Two.

Suit Two had been filed by Pittman against the Housing Authority (HANO) to recover for all materials furnished and all work performed by Pittman and its subcontractors (including Reed) on the housing construction project.[3] (Eventually, as the court of appeal opinion in Suit Two shows, Pittman recovered in excess of six hundred thousand dollars in this action, including for substantially all of the work performed on the Reed subcontract. 169 So.2d 122 at 148, see also p. 144.)

Soon after the consolidation, Pittman instituted a third-party demand against Reed in Suit Two for the amount of the alleged defects in the painting contract.[4] On October 10, 1958, in Suit Two Reed filed a reconventional demand to this third-party demand by Pittman against him. A copy of this pleading was introduced to form part of the record of the present suit, per order

suit (by Pittman against Reed's surety); which, however, plays no part in the determination of questions now arising before us.

3. The appellate decision in this latter suit is found at Pittman Construction Company v. Housing Authority of New Orleans, 169 So.2d 122 (La.App. 4th Cir., 1964). Writs were refused by this court at 247 La. 343, 170 So.2d 865 (1965) and 247 La. 346, 170 So.2d 866 (1965). The applications in these proceedings (our Docket Numbers 47584, 47588) include the full pleadings and judgments of this suit. These proceedings form part of the records of this court; if need be, we may take judicial notice thereof. Poche v. Ruiz, 239 La. 573, 119 So.2d 469 (1960); Pennison v. Provident Life & Accident

Insurance Co., 154 So.2d 617 (La.App. 4th Cir. 1963), certiorari denied, 244 La. 1019, 156 So.2d 226 ("The result is correct") (1963); 9 Wigmore on Evidence, Section 2579 (3d ed., 1940); McCormick on Evidence, Section 327 (1954); 31 C.J.S. Evidence § 50(1)–50(3).

4. In making this third-party demand in Suit Two, incidentally, Pittman pleaded that the court in Division "F" had personal jurisdiction over Reed, a non-resident, because Reed had subjected himself to the jurisdiction of the court by filing Suit One (the present), which was consolidated with Suit Two. See "Pittman Construction Company v. Housing Authority of New Orleans," Docket No. 47588 of this court, p. 190 of application for writs.

of the court of appeal below. See 224 So.2d 100.

By this pleading in Suit Two, Reed asserted the identical claim of $30,005.01 sought by the demand in the present Suit One. The demand was asserted, in the event the court (Division "F") maintained the order consolidating Suit One with Suit Two. The plaintiff again reiterated his right to have the claim decided in the present Suit One, instead of with Suit Two.

So far as the record shows,[5] this reconventional demand was not disposed of, nor was any order ever issued rescinding the consolidation of Suit One (involving the identical issue) with Suit Two. (To repeat, the various principal and incidental demands in Suit Two all arise out of the prime contract between Pittman and HANO and of several of the subcontracts involved, including the one between Reed and Pittman which is the subject matter of the present Suit One.)

However, in affirming Pittman's recovery of some six hundred thousand dollars for contract work performed (including that covered by the Reed subcontract), the court of appeal dismissed all claims between Pittman, Reed, and HANO relating to the painting subcontract. The dismissal

was without prejudice to the parties to assert them in this suit "relating to the same subject matter now pending in the Civil Court for the Parish of Orleans". 169 So. 2d 122 at 148. See also 169 So.2d 144.

Nevertheless, when Reed sought once again to assert its claim in this Suit One to recover for money due on the painting subcontract, Pittman successfully claimed that the present Suit One was abandoned. The reason contended is that because between 1956 and 1962 no steps had been taken in the prosecution or defense of the present suit *on the docket of Division "E"* —even though numerous steps had been taken in the consolidated proceedings of Division "F" to which this Division "E" suit had been transferred.

In our view, this contention overlooks that the plaintiff Reed in the present Suit One could not practicably secure any action in it in Division "E" while it was consolidated with Suit Two in another division and before another judge of the trial court. It further overlooks the several actions taken by Reed and Pittman in this other suit, including the reconventional demand in 1958 by Reed asserting in Suit Two the same claim as that now urged in the present suit.

5. A handwritten notation appears on this pleading: "Reconventional demand dismissed as of non-suit with reservation of all rights". The source of this notation is not shown. We agree with the court of appeal, 229 So.2d 457, that, in the absence of minute entry or other identification, we cannot give any weight to this notation. However, its verification or not is immaterial to the issue before us.

We should further note that the defendant Pittman secured the consolidation of Suit One with Suit Two and its transfer to another division, upon specific allegations that Suit Two's issues embraced Suit One's and that the interests of justice should best be served by adjudicating all issues of both suits in consolidated proceedings. Pittman itself thus secured this consolidation and transfer which had the effect of staying all proccedings in the present suit.

We reject the contention of Pittman that, because of the delay directly resulting solely from this maneuver by it, the present suit should be considered abandoned.

La. CCP Art. 561 provides that an action is abandoned when the parties fail to take any step in its prosecution or defense during five years and that this provision is self-operative.

However, the redactors specifically noted that there was no intent to repeal the prior jurisprudence that a dismissal could be avoided by proving that the failure to prosecute was caused by circumstances beyond the plaintiff's control. See Official Revision Comment (c), citing such decisions as Barton v. Burbank, 138 La. 997, 71 So. 134 (1916) and Zatarain v. Portera, 63 So.2d 477 (La.App.Orl., 1953). See also Gauthreaux v. Southern Six Drilling Co., 130 So.2d 759 (La.App. 3d Cir., 1961). If only for this reason, the plaintiff Reed should not be held to have abandoned the present suit.

Additionally, however, if indeed the suits were consolidated for trial as the order shows, each date of trial—and each action taken with regard to the Reed-Pittman claim—of the Suit Two consolidated proceeding was an action in the prosecution or defense not only of Suit Two but also of all other suits consolidated and tried with it.

In holding the present proceeding abandoned, the court of appeal held that actions in the consolidated Suit Two could not be considered as interrupting the five-year period with regard to the present Suit One. In so doing, it relied upon jurisprudence to the effect that, in Louisiana, the consolidation of actions is merely a procedural convenience designed to avoid a multiplicity of action, and it does not "merge" them unless the records clearly reflect an intent to do so.

The court cited Voth v. American Home Assurance Co., La.App., 219 So.2d 236 (La. App. 1st Cir., 1969) and Darouse v. Mamon, La.App., 201 So.2d 362 (La.App. 1st Cir., 1967), as holding to this effect. The cited decisions are correct in their holdings; but these holdings do not pertain to the issue before us now.

The cited Voth and Darouse decisions each concern an untimely appeal in the subject suit which had been consolidated for

trial with others. Although the appeal was untimely if computed from the judgment in their own suit, the appellants urged that nevertheless their appeals were timely because the delay commenced at the date of judgments signed later in others of the consolidated actions.

The Voth and Darouse opinions correctly pointed out that suits consolidated for trial, La. CCP Art. 1561, retain their separate identity for procedural purposes, such as requiring separate judgments. See 88 C. J.S. Trial § 6.[6] The cited decisions and concepts are not relevant to the issue now before us, however.

The present issue does not concern (as the cited cases did) whether the consolidated actions retain their separate identities; for of course they do. We are here concerned simply with the question of whether, when such separate suits are consolidated for trial, steps in the prosecution or defense of the consolidated proceedings may be regarded as taken not only in the principal suit but also in others consolidated for trial with it. We hold that they may.

For the foregoing reasons, we reverse the district court and court of appeal judgments dismissing the present suit as abandoned, and we remand this case for further proceedings consistent with the views herein

expressed. All costs of the appeal and of the proceeding in this court are to be paid by the defendants-appellees; all other costs to await final determination of this action.

Reversed and remanded.

BARHAM, Justice (dissenting).

I am of the opinion that the Court of Appeal, Fourth Circuit, has correctly disposed of the issue presented. See 229 So. 2d 455. I have difficulty in understanding the reasoning of the majority, which leads to a contrary result.

Apparently the majority assumes alternative and conflicting positions to reach the result desired. The majority first assumes the position in support of its conclusion that there was no consolidation, and that defendants' attempt to effectuate consolidation bars the operation of Louisiana Code of Civil Procedure Article 561, which provides that failure to take any step in the prosecution of a suit during five years acts automatically as an abandonment of the suit.

The majority states that there was a motion and order for consolidation of the present suit, referred to as Suit One, with another suit, referred to as Suit Two, and for transfer to another division of the court. The majority then asserts that the

6. This sort of consolidation is to be distinguished from the consolidation of actions, permitted by some jurisdictions, which occurs when several actions are merged into one so as to lose their separate identities—requiring, for instance, only one judgment to dispose of all suits. 1 C.J.S. Actions §§ 107, 113.

defendants "secured this consolidation and transfer *which had the effect of staying all proceedings in the present suit*". (Emphasis mine.) This is error. Consolidation does not have the effect of staying proceedings; to the contrary, consolidation, if perfected, would mandate all suits consolidated to proceed simultaneously. C.C.P. Art. 1561. Consolidation is not a delaying tactic, nor does a consolidation order relieve a plaintiff of going forward with his suit.

The majority errs in holding that Suit One became *dormant* by reason of an attempt by the defendants to consolidate it with Suit Two. Admittedly Suit Two is now finally adjudicated after many years of litigation, and yet plaintiff's contention, in opposition to defendants' motion to dismiss Suit One as abandoned, is that Suit One is pending and active. Apparently the litigants are in agreement that Suit One was not actually consolidated and tried with Suit Two. If there was no consolidation, the Court of Appeal's judgment and opinion must stand as legally correct, for no steps were taken in prosecution or defense of Suit One for five years and it was therefore abandoned. It was plaintiff's obligation to take affirmative steps in his suit to keep it alive. Activities in a separate suit cannot avail plaintiff as a step in the prose cution of Suit One.

The majority then, apparently taking an alternative and contradictory position, states that " * * * if indeed the suits were consolidated for trial as the order shows, * * * " actions in Suit Two were actions in Suit One as well. I am unable to find in our record any basis for a determination that there was an *actual* consolidation of Suits One and Two for the purpose of trial except the order of transfer to another division for consolidation. Saving this lone motion and order, there is total absence of act or intent to consolidate. There are only two alternative conclusions which can be made in regard to the status of Suit One from 1956 to 1962: Either the days of this period accumulated toward abandonment of Suit One, or the suit was actually being tried for the purpose of adjudication with Suit Two during that period. There is no stay order in the proceedings, and as previously noted, consolidation has the opposite effect to staying proceedings. To conclude that inactivity and activity existed simultaneously in this suit is not only illogical but wholly untenable.

I am firmly convinced there was no consolidation of the two suits. However, I must answer this contradictory position of the majority. I conclude that either plaintiff's rights under Suit One were adjudicated by the court's failure to render a judgment in the consolidated suits, which acted as a dismissal, or that plaintiff should have presented timely a judgment for sign-

ing to the court of consolidation which would have disposed of the issues in Suit One on the basis of the consolidated record. If the suits were consolidated, it appears to me the matter is finally at rest, after approximately 15 years, by the appellate decision in the consolidated suit, 169 So.2d 122, and the writ refusals by this court, 247 La. 343, 170 So.2d 865, and 247 La. 346, 170 So.2d 866.

It may be that the court is reaching for equity; but it is not equity to breathe new life into a suit which remained in a state of total inactivity for over five years and which is now approximately 15 years old. The application of the positive law of suit abandonment here is not based upon a mere technical omission, but it is mandated under sound substantive legal theory.

The majority fails to establish anywhere in the entirety of its opinion one single affirmative step by the plaintiff between 1956 and 1962 tending toward the prosecution and the protection of the legal life of this action. I find neither factual nor legal basis for interrupting the running of the prescriptive period. I reiterate that the Court of Appeal has correctly found that the plaintiff's failure to take an affirmative step in the prosecution of this suit for five years constitutes abandonment.

I respectfully dissent.