LOBRANO, Judge.
In these consolidated expropriation cases, Banner Chevrolet, Inc. (Banner), the lessee of the tracts expropriated, was awarded damages in the total sum of $877,-754.57, plus interest and 25% attorney fees. The Department of Transportation and Development (DOTD) perfects this appeal asserting several procedural and evidentiary errors by the trial court. We affirm.
In connection with the construction of the Industrial Canal Bridge and related approaches in eastern New Orleans, it was necessary that DOTD acquire portions of five contiguous tracts of land. Those properties were owned by New Orleans Public Service (NOPSI), Nicholas N. Caridas, Ethel Dietrich, Esther Frank, et ah, and Robertson Realty, Inc. Beginning in August of 1983 DOTD filed expropriation suits against each of the landowners and their common lessee, Banner. NOPSI was not sued because they agreed to a voluntary sale of the required property to DOTD. DOTD did, however, file an eviction suit against Banner to remove them from NOPSI’s tract. That suit is also consolidated with this appeal.
On July 15, 1985 Banner filed in each of the expropriation cases a motion to sever its claim for damages from that of the property owners. The trial court granted the motion. DOTD sought supervisory writs from this court. We affirmed. In addition, Banner also filed a motion in the Robertson case (the earliest case) to consolidate it with the other expropriation cases. The motion was approved by the Judge assigned to the Robertson case, and there appears the notation “refer to comm.” on the order.[1] Subsequently, on September 24, 1985, an order was signed referring all the cases to a commissioner.
Prior to trial before the commissioner, DOTD asserted numerous oral exceptions alleging deficiencies in Banner’s pleadings, including improper itemization of damages. They also voiced an objection to hearing evidence of damages relating to the NOPSI property since the eviction proceeding had not been consolidated with the other matters. They also sought a continuance. Those exceptions were overruled, and the consolidated matters proceeded to trial.[2]
Trial was held before the commissioner on June 1, thru June 5, 1987. A recom *1167 mended judgment in favor of Banner, and reasons therefor, were issued on November 26, 1987. DOTD filed exceptions to the recommended judgment. The trial judge agreed with the commissioner and rendered judgment on February 5, 1988. This court vacated that judgment because the record did not reflect whether the trial judge had considered the matter de novo prior to rendering judgment as required by law.[3] On remand, the trial judge again rendered judgment in favor of Banner in the sum of $877,754.57, plus legal interest, plus 25% attorney fees. From that judgment, DOTD perfects this appeal.
DOTD assigns eight specifications of error. They are primarily procedural and evidentiary in nature, and present the following issues for our determination.
1. Whether the trial court had the authority to award damages attributable to the NOPSI tract where Banner made no demand for damages on that tract, and DOTD’s suit was for eviction.
2. Whether the trial court erred in allowing evidence of, and awarding damages where answer was not filed in the Dietrich case, and damages were not itemized in the other three cases.
3. Whether the trial court erred in consolidating the five cases for trial in the absence of a specific order, particularly the NOPSI ease.
4. Whether the trial court erred in awarding damages for business loss since Banner failed to specify that item of damage in its answers; and whether the award of business loss is proper.
Before addressing each of the issues raised, we make several factual observations which are necessary to support our reasoning throughout this opinion. Banner operates a new and used car business, including service and repair, on the premises it leases from the five property owners. Although there are five different leases from five different owners, the tracts are contiguous and Banner conducts one business from the combined leased property. The property taken by DOTD from each of the owners interferes with Banner’s entire business operation. Thus, this is not the normal, one property owner-one lease situation. Here, one business, located on five contiguous parcels, is being damaged by the expropriation of a portion of each of those parcels. We believe this unique situation justifies much of our response to DOTD’s arguments.

The NOPSI Property

DOTD did not file an expropriation suit against NOPSI because NOPSI agreed to a voluntary sale. However, that sales agreement did not resolve any of the issues with respect to Banner. Although Banner asserted damage claims in each of the expropriation cases, there was no such assertion in the NOPSI eviction suit. DOTD argues that the trial court erred in making the eviction suit part of the consolidated expropriation proceedings, and awarding damages to Banner that may be attributable to the NOPSI tract. In support they assert that issue was not joined in the NOPSI matter and thus the court had no jurisdiction to entertain a “non-existing demand.” They cite various jurisdictional articles in the Code of Civil Procedure.
The trial judge, in addressing this argument, reasoned:
“... when we severed Banner’s damages we recognized Banner as a party in this expropriation for all of its damages, and that would include the damage over the NOPSI parcel and we don’t need a lawsuit, we don’t need the lessor to entertain a claim by a lessee for his damages.”
That reasoning is consistent with our initial observations. Banner has one business entity that suffered as a result of DOTD’s expropriation. A lessee has a right to seek compensation from the DOTD even where there was a voluntary sale of the property, rather than an expropriation. Soma Enterprises, Inc. v. State Department of Transportation and Development, 521 So.2d 829 (La.App. 2nd Cir.1988), writ den. 522 So.2d 572 (La.1988). DOTD *1168 was also aware that Banner was making claim for all damages its business sustained as a result of the taking of the five parcels of land, whether by sale or expropriation. DOTD was well aware of Banner’s presence on the NOPSI tract. In its answers to the four expropriation suits Banner asserted its claim for damages to its entire business, and not to just that which is attributable to each of the four tracts.
Although DOTD’s argument is predicated on sound procedural points of law, under the facts and circumstances of this case we find they do not warrant reversal. It was logical and reasonable for the trial court to consider the entirety of Banner’s damages without attempting to allocate portions to separate distinct tracts. Even though no formal expropriation had been filed against the NOPSI tract, DOTD was aware that Banner as a lessee, was entitled to damages. We conclude that an attempt to allocate damages to the NOPSI tract would be a useless waste of judicial time and effort. Nothing would be accomplished except a remand to allow Banner to prove its damages all over again. DOTD’s argument on this issue lacks merit.

Dietrich Case and Banner’s Failure to Itemize Damages

DOTD argues that the Dietrich case should not have been tried because Banner failed to answer as required by La.R.S. 48:450(B).[4] Citing subsections (2) and (3) of that section DOTD further argues that Banner did not properly itemize its damages in the answers filed in the Frank, Robertson and Caridas matters, and thus the trial court erroneously considered evidence beyond the scope of the pleadings.
(a) Dietrich Case
While it is true that Banner did not answer the Dietrich suit, they did answer the other three suits. Subsequent to the consolidation of all matters, amended answers were filed in the Caridas and Frank matters further itemizing Banner’s damages. We cannot see how DOTD is prejudiced by Banner’s failure to file an answer in the Dietrich case. Under the unique factual circumstances of this case, it is reasonable to conclude that pleadings filed in one of the consolidated cases fulfills the requirements of La.R.S. 48:450(B) for each of the cases. The matters are so intertwined that a contrary ruling would result in a waste of time and effort by the litigants and the court. See, Pan American Import Co., Inc. v. Buck, 440 So.2d 182 (La.App. 4th Cir.1983), rev’d on other grounds, 452 So.2d 1167 (La.1984); Reed v. Pittman, 257 La. 389, 242 So.2d 554 (1970).
(b) Damage Itemization
DOTD argues that the trial court erred by allowing evidence of damages beyond the scope of that which Banner pleaded. Specifically, they assert that Banner’s expert presented twenty-nine items of damage on five tracts whereas only three items were specifically pled. In the Robertson case DOTD points out that an in globo amount was sought. In the Caridas and Frank cases they urge only damages for new car department, used car department, and parts and accessories were itemized. DOTD strenuously argues evidence of loss of business and loss of profits should have been excluded. They also point out that damages which were attributable to the NOPSI and Dietrich tract should not have been considered because they were not *1169 properly before the court. We disagree with these arguments.
The commissioner recommended judgment in Banner’s favor in the total sum of $877,754.57. In his reasons, the amounts were itemized as follows:
Out of Pocket Expenses incurred in moving the various warehouses, inventory, etc. $147,500.57
Loss profits from date of taking to end of lease 195,314.00
Losses from end of leases to date of trial 123,754.00
Costs and losses beyond date of trial 411,186.00
Total $877,754.57
The trial court accepted the Commissioner’s recommendations, issued its reasons for judgment and awarded Banner the total amount of $877,754.57. The trial court’s reasons do not itemize the damages; however, presumably they reflect the commissioner’s findings which include loss of business and profits.
Banner’s initial answers filed in January and July 1985 to the Frank, Robertson and Caridas suits provided:
“Now, further answering the petition filed by DOTD, Banner avers that the funds deposited by the DOTD are inadequate to fully compensate it for the damages it has sustained and will continue to sustain as a result of this expropriation. The DOTD has failed to consider any lost profits or the increased [sic] of cost of doing business which have resulted from the expropriation of this property.” (emphasis ours)
Banner’s amended answers, filed February of 1987, in the Caridas and Frank cases provide:
“The total amount due and owing to Banner as a result of the taking of this property is as follows:
The expenses incurred to. date, the lost future profits due to additional operating expenses, and the cost to cure for the three departments affected by the expropriation of properties used by Banner Chevrolet can be summarized as: (emphasis ours)
New Car Department $111,153.00
Used Car Department 198,348.00
Parts and Accessories 143,802.00
Total $453,303.00
We hold that Banner’s itemization in its original and amended answers satisfies the criteria of R.S. 48:450(B)(3) requiring that damages be “reasonably itemized.” Banner’s introduction of evidence of lost business and profits does not exceed the scope of its pleadings.
DOTD cites State, Department of Highways v. Christ Baptist Church, 197 So.2d 83 (La.App. 1st Cir.1967) in support of its position. Although that case correctly states the legal requisite for damage itemization in an expropriation suit, we find it is not applicable to the instant case. The court in that case made it clear that the claimant did not request severance damages in its answer, and thus the trial court erred in admitting evidence of same. In the case before us, the pleadings are clear that lost profits were sought by Banner and that DOTD was well aware of those requests at the earliest, two years, and at the latest, six months, prior to trial. The amended answers in Frank and Caridas were filed subsequent to the consolidation. For the reasons stated with respect to the Dietrich matter, those amended answers are equally applicable to all of Banner’s claims.
Again, we reiterate that the unique situation of Banner’s one business operation on five contiguous leasehold premises makes each expropriation case so intertwined with the other that justice requires one determination of damages. The fact that Banner had one business located on five tracts does not require the court to allocate items of damages to each specific tract where all five tracts were taken.
CONSOLIDATION
DOTD argues that it was improper for the trial court to consolidate these matters, particularly the eviction suit on the NOPSI tract. In support they argue that no consolidation order was ever signed, and further that, in any event, there was not even a request with respect to the NOPSI matter.
*1170 As we previously noted, Banner did request consolidation of these matters by filing a motion in the Robertson case which was approved by the judge assigned that case.[5] An order was subsequently entered referring the matter to a commissioner. That order bears the docket number of all four consolidated expropriation cases. The subsequent recommended reasons and judgment bear the docket numbers of all five matters, including the NOPSI case. During the trial proceedings the eviction suit was introduced into evidence and is part of the record before us. As we previously stated DOTD was well aware that Banner was claiming damages for the disruption of the entire business. Their claim was predicated on the taking of the five tracts, not any specific one.
In our opinion consolidation was the proper method of handling these matters. We cannot reason how DOTD was prejudiced by having one trial. It would be a tremendous waste of time and expense for all concerned to have five separate trials. Again, based on the unique circumstances of this case consolidation was clearly the most efficient manner of proceeding.
BUSINESS LOSS
DOTD argues that Banner did not specify “business loss” as an item of damage in any of the four expropriation cases and should not have been allowed to submit evidence of same at trial. Alternatively they argue, even considering the evidence submitted, the trial court erred in concluding there was a loss in business. Specifically, they refer this court to the testimony of Banner's expert, Dr. Terrence Clauretie, which DOTD says was based on erroneous information.[6]
We have previously concluded that Banner did satisfy the statutory requirements for itemization of damages. Both their original answers and their amended answers clearly indicate their intent to seek loss of profits and future business as damage items. Certainly DOTD had ample opportunity for discovery of the particulars of Banner's claims. The record does not suggest they were caught by “surprise” or were prejudiced by the introduction of that evidence.
At trial Dr. Terrence Clauretie was qualified as an expert economist on behalf of Banner. He assessed their monetary damages including loss of business and profits.[7] With respect to lost profits Dr. Clauretie explained his approach as follows:
"[T]he way I estimated this loss was to analyze the profit performance of Banner Chevrolet as a company for several months prior to the beginning of the disruption, look at the profit picture of Banner Chevrolet for several months after the termination of the disruption and compared those two profit figures and determined that Banner Chevrolet, in fact, had fewer profits during that period of time as a result of the disruption. I then compared — you have to understand that Banner Chevrolet’s profits could have gone down during that period of time for some other factor other than the disruption; ... So, I received information from all the other Chevrolet dealers in the area, and concluded that their profit performance was not affected by any general condition of the economy and had, in fact, gone up during the same period of time. I concluded, therefore, that my estimate of the loss was, in fact, due to the disruption of business.”
DOTD attacks Clauretie’s credibility and conclusions by arguing that he failed to properly evaluate the salary and bonus of Mr. Flick, Banner’s owner, for 1985, and that he failed to consider Banner’s income tax returns.
Admittedly, Flick drew a bonus in 1985 amounting to $150,000.00. However, a review of Clauretie’s testimony makes it *1171 clear that he added the salary and bonus back to his net profit figures before computing the loss. When specifically asked if the bonus made a difference in “your net profit” he answered:
“Well, sure, because what I’m doing is looking at net profit before tax and adding in the owner’s salary and bonus. So, if I still find that the net profits are down overall, it indicates there was an impact from the disruption.” (emphasis ours).
Dr. Clauretie’s opinion is based on credible support data. He testified that Banner’s income tax returns would not vary much from the profit and loss statements he utilized, and any differences would be negligible. He also utilized General Motors’ Monthly Management Control records to show Banner’s decrease in sales during the construction period, and how the other area dealerships either maintained or increased their sales.
DOTD offered no evidence to rebut Clau-retie’s findings. Their only expert, Susan Crowley, was qualified in real estate appraisal only. She could not refute Claure-tie’s testimony concerning business loss. Thus we find no merit in either of DOTD’s arguments on this issue.
Accordingly, for the reasons assigned the judgment of the trial court is affirmed.
AFFIRMED.

. Presumably this notation was a suggestion by the judge that this entire matter be heard by a commissioner.

. Subsequently, DOTD put each of their oral exceptions in written form and filed them in the record.

. See, State, Through DOTD v. Willard. E. Robertson Corp., 542 So.2d 698 (La.App. 4th Cir. 1989).

. La.R.S. 48:450(B) provides in pertinent part: "B. Where a portion of a lot, block, or tract of land is expropriated, any defendant may apply for a trial to determine the measure of compensation to which he is entitled, provided:
(1)He files an answer within one year from the date he is served, in the same manner provided for service of the petition, with a copy of the department’s notice of acceptance, which has been filed with the clerk of court of the parish in which the action is pending, declaring that it has finally accepted the construction of the highway project for which the property was expropriated; provided however, that he may file his answer at any time prior thereto;
(2) His answer sets forth the amount he claims, including the value of each parcel expropriated and the amount he claims as damages to the remainder of his property;
(3) His damage claim is reasonably itemized;. ...”

. The NOPSI eviction suit was not included at that time.

. These are the only two arguments that DOTD raises in brief and oral argument with respect to the damages awarded. No other issue, except those previously discussed, has been raised with respect to the other awards.

.His testimony focused on two categories. The "cost to cure” and lost profits. DOTD’s argument focuses on the lost profit computations.