NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WCA 12-476


CYNTHIA DUPLECHAIN

VERSUS

TOWN OF CHURCH POINT


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF ACADIA, NO. 10-01331
SHARON MORROW, WORKERS COMPENSATION JUDGE

**********

**J. DAVID PAINTER**

**JUDGE**

**********

Court composed of Oswald A. Decuir, Billy H. Ezell, and J. David Painter, Judges.


**APPELLANT PERMITTED TO CORRECT APPEAL
WITHIN THIRTY DAYS ON PENALTY OF DISMISSAL.**


**Christopher Richard Philipp**
**Attorney at Law**
**Post Office Box 2369**
**Lafayette, LA 70502-2369**
**(337) 235-9478**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    Town of Church Point

**Gloria A. Angus**
**Angus Law Firm, LLC**
**Post Office Box 2337**
**Opelousas, LA 70571**
**(337) 948-8800**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Cynthia Duplechain**

**PAINTER, Judge.**

This court, on its own motion, issued a rule for the appellant, Cynthia Duplechain, to show cause why this appeal should not be dismissed for its failure to have a motion and order of appeal. For the reasons explained, we permit the appellant to obtain an order of appeal within thirty days of this court's ruling, upon penalty of dismissal if the appellant should fail to correct this appeal before the expiration of this time period.

The instant appeal involves a consolidated action. Ms. Duplechain filed a claim, assigned docket number 08-21806, in district 4 of the Office of Workers' Compensation. Later, she filed a second claim arising out of the same matter, and this claim was assigned docket number 10-1331 in district 4 of the Office of Workers' Compensation. The two actions were consolidated by order of the workers' compensation court (OWC) judge.

These actions were tried together and resulted in one written judgment bearing both docket numbers. Ms. Duplechain filed a motion for new trial, bearing only docket number 08-21806. The OWC judge issued a written judgment denying the motion for new trial, bearing both docket numbers. Ms. Duplechain, through counsel, filed her Motion and Order for Devolutive Appeal, captioning the motion and order with only docket number 08-21806.

Upon the lodging of the record, this court issued a rule for Ms. Duplechain to show cause by brief only why the appeal should not be dismissed due to its failure to have a motion and order granting the appeal in docket number 10-1331, which bears this court's docket number WCA 12-476. Ms. Duplechain's counsel has filed a brief in response to this rule.

Louisiana Code of Civil Procedure Article 2121 states, in pertinent part, "An appeal is taken by obtaining an order therefor, within the delay allowed, from the court which rendered the judgment." In the instant case, Ms. Duplechain's counsel

admits that no order of appeal has been signed by the OWC judge granting an appeal in docket number 10-1331. Therefore, we find that no appeal has been perfected in docket number 10-1331.

Counsel argues that since these cases were consolidated, were tried together, and were decided by a jointly captioned judgment on the merits and a jointly captioned judgment denying new trial, this court should consider the appeal as having been perfected in both cases even though the motion and order of appeal only bears docket number 08-21806. The jurisprudence has repeatedly held that, even though cases may be consolidated, each case maintains its own procedural entity. *See for instance O'Rourke v. Cormier*, 459 So.2d 200 (La.App. 3 Cir. 1984). Nevertheless, in *Dendy v. City Nat. Bank*, 2006-2436, p. 6-7 (La.App. 1 Cir. 10/17/07), 977 So.2d 8, 11-12, that court wrote:

> Consolidation of actions pursuant to La. C.C.P. art. 1561 is a procedural convenience designed to avoid multiplicity of actions and does not cause a case to lose its status as a procedural entity. *Howard v. Hercules-Gallion Co.*, 417 So.2d 508, 511 (La.App. 1st Cir.1982). Procedural rights peculiar to one case are not rendered applicable to a companion case by the mere fact of consolidation; each case must stand on its own merits. *Id.* The filing of a pleading or motion in one of several consolidated cases does not procedurally affect the others. *In re Miller*, 95-1051, p. 5 (La.App. 1st Cir.12/15/95), 665 So.2d 774, 776, *writ denied*, 96-0166 (La.2/9/96), 667 So.2d 541.
>
> Because consolidation of actions for trial does not procedurally merge the actions for all purposes, the mere fact that a pleading, a discovery response, or correspondence bears the suit captions of the consolidated actions does not render the pleading or document applicable to all of the consolidated actions. The substance and purpose of such a pleading, the cause of action to which it relates, the parties actually affected, and the particular suit record or records in which it was filed must be considered to determine if it applies to only one or more of the consolidated actions. This issue is particularly significant as it relates to abandonment under La. C.C.P. art. 561. In some circumstances, a pleading or procedural step may clearly apply to all of several actions consolidated for trial, if it was intended to hasten all of those actions to judgment in a common trial. *See Reed v. Pittman*, 257 La. 389, 398-99, 242 So.2d 554, 557-58 (La.1970).
>
> This appeal was taken from the judgment in the first action only. Regions has submitted briefs in its purported capacity as an appellee in this appeal, but Regions is not a party to the first action. As plaintiff

2

correctly emphasizes, Regions did not seek review of the order denying its *ex parte* motion to dismiss the consolidated second action, so that order is not properly before us. Accordingly, we will not indulge in discussion of the merits of that order or the procedural status of the second action.

Footnotes omitted.

Appeals are favored, and courts should act to preserve the right to an appeal when possible. *See Traigle v. Gulf Coast Aluminum Corp.*, 399 So.2d 183 (La.1981). Regardless, this court cannot ignore a lack of appellate jurisdiction. In the matter *sub judice*, we do not have an order granting an appeal as to the OWC court's docket number 10-1331. Counsel for Ms. Duplechain makes the alternative request of this court that we allow time within which to correct the purportedly clerical error to obtain an order of appeal bearing this docket number. Therefore, in the interest of justice, we hereby permit Ms. Duplechain to obtain an order of appeal in the OWC court docket number 10-1331 no later than June 29, 2012, which is thirty days from the issuance of this court's opinion, and to have the appellate record supplemented in this case accordingly.[1] If no order of appeal is obtained in docket number 10-1331 within this thirty day time period, this appeal shall be dismissed by order of this court.

**APPELLANT PERMITTED TO CORRECT APPEAL WITHIN THIRTY DAYS ON PENALTY OF DISMISSAL.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal

---

[1] This court makes the further observation that, as pointed out by counsel for Ms. Duplechain, the notice of judgment on the final judgment and the notice of judgment on the denial of new trial sent by the OWC court's clerk's office did not reflect that judgment was rendered in docket number 10-1331. Thus, this court is not faced with an issue as to the expiration of the appeal delays since no notice of judgment appears of record as to docket number 10-1331. *See* La.Code Civ.P. arts. 1914 and 2087.